# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Cequent Performance Products, Inc.,

    Plaintiff,

v.

Hopkins Manufacturing Corporation,

and

The Coast Distribution System, Inc.,

    Defendants.
_____/

Case No. 2:13-cv-15293

Judge

Demand For
Jury Trial

David B. Cupar (OH 0071622)
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

and

Timothy J. Lowe (P68669)
MCDONALD HOPKINS LLC
39533 Woodward Ave., Suite 318
Bloomfield Hills, Michigan 48304
t 248.646.5070 │ f 248.646.5075
tlowe@mcdonaldhhopkins.com

*Attorneys for*
*Cequent Performance Products, Inc.*
_____/

## Complaint

For its complaint against defendants Hopkins Manufacturing Corporation ("Hopkins") and The Coast Distribution System, Inc. ("Coast"), plaintiff Cequent Performance Products, Inc. ("Cequent") states:

## Summary Of Case

1.  This is an action for damages and injunctive relief to remedy the infringement by Hopkins and Coast (collectively, the "Defendants") of U.S. Patent Nos. 6,068,352 ("the '352 patent"), 6,012,780 ("the '780 patent"), and 6,445,993 ("the '993 patent). Collectively, the '352, '780, and '993 patents are the "Patents."

2.  The Patents are directed to improved brake controllers. When applied to towing applications, the patented brake controllers do a better job of coordinating the towing vehicle's brakes with the trailer's brakes to provide for smoother and more efficient braking.

## The Parties

3.  Cequent is a Delaware corporation with a principal place of business in Michigan.

4.  Hopkins is a Kansas corporation with a principal place of business in Kansas.

5.  Coast is a Delaware corporation with a principal place of business in California.

**Jurisdiction And Venue**

6. This Court has subject matter jurisdiction over Cequent's patent infringement claim under 28 U.S.C. § 1331 and § 1338 because it arises under federal law.

7. This Court has personal jurisdiction over Defendants on various grounds, including (without limitation) because they have offered to sell and, upon information and belief, have actually sold products infringing the Patents in Michigan; they have caused tortious harm to Cequent in Michigan resulting from their infringing activities; and, upon information and belief, they have regularly solicited business in Michigan, engaged in a persistent course of conducting business in Michigan, and derived substantial revenue from goods sold in Michigan.

8. Venue is proper under 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this district and, therefore, "reside" in the Eastern District of Michigan according to federal law.

**Relevant Facts**

**I.   The Patents**

9. Since around 1950, Cequent and its predecessors and affiliates have continually designed, produced, manufactured, and marketed a wide array of towing and trailer hitch products and accessories for trailer equipment manufacturers, wholesaler-distributors, and retail markets.

10. Under its popular TEKONSHA® brand name, Cequent is a market leader in electrical brake controllers for the towing industry.

11. The '780 patent issued on January 11, 2000.

12. The '352 patent issued on May 30, 2000.

13. The '993 patent issued on Sept. 3, 2002.

14. The Patents claim improvements to electric brake controllers, including improvements for towing applications.

15. Cequent is the exclusive owner of the Patents.

## II. Defendants' Infringement Of The Patents

16. Defendants are making, importing, using, selling, and/or offering to sell brake controllers in the United States that are covered by one or more claims of each of the Patents, including, without limitation, the Hopkins Agility, Hopkins InSIGHT, Husky Quest, and Husky Ascend brake controllers (collectively, the "Infringing Products").

17. Among its various methods of sale, Hopkins has been selling the Infringing Products through online stores, including (without limitation) Amazon.com and etrailer.com. Customers in Michigan and other states can order the Infringing Products from those online stores, which the stores will ship to any address in the United States, including in Michigan.

18. Hopkins' website also identifies numerous brick-and-mortar dealers in Michigan that sell the Infringing Products.

19. Among its various methods of sale, Coast has been selling the Infringing Products throughout the U.S., including (upon information and belief) in

Michigan, through at least 13 regional distribution centers stationed throughout the U.S.

### Count One
*Patent Infringement*

20. Cequent incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

21. Each of the Infringing Products is covered by one or more claims of each of the Patents, under any reasonable construction of the Patents' claim terms.

22. Defendants have directly infringed, and continue to directly infringe, the Patents by selling, offering to sell, using, making and/or importing the Infringing Products in the United States.

23. Each of the Infringing Products' only commercial use is as a brake controller for towing applications.

24. Any use of the Infringing Products as a brake controller for a towing application is an act of direct infringement of each of the Patents.

25. Because the sole intended use of the Infringing Products is an infringing use, the Infringing Products have no substantial non-infringing uses.

26. Defendants have induced infringement of each of the Patents because, with knowledge of each of the Patents, they intentionally and actively induced end users of the Infringing Products to use them in a manner that infringes each of the Patents with specific intent that they do so.

27. Defendants have further induced infringement of each of the Patents by selling the Infringing Products to distributors, retailers, and other resellers with specific intent that they infringe the Patents by reselling the products to others.

28. Defendants have contributed to infringement of each of the Patents by selling the Infringing Products, which have no substantial use other than an infringing use as brake controllers for towing applications.

29. Defendants' infringements of the Patents were, and continue to be, willful and deliberate.

30. Cequent has been damaged by Defendants' infringing activities, and it will continue to be irreparably injured unless the infringing activities are enjoined by this Court.

## **Prayer for Relief**

WHEREFORE, Cequent prays for judgment against Defendants as follows:

(A) A finding that Defendants have each directly infringed one or more claims of each of the Patents under 35 U.S.C. § 271(a).

(B) A finding that Defendants have each induced infringement of one or more claims of each of the Patents under 35 U.S.C. § 271(b).

(C) A finding that Defendants have each contributed to the infringement of one or more claims of each of the Patents under 35 U.S.C. § 271(c).

(D) Preliminary and permanent injunctive relief enjoining Defendants and their officers, directors, managers, employees, affiliates, agents, representatives, parents, subsidiaries, successors, assigns, those in privity with them, and all others

aiding, abetting, or acting in concert or active participation therewith, from: (1) making, using, selling, offering to sell, or importing into the U.S. any device covered by any of the Patents; or (2) otherwise directly or indirectly infringing any of the Patents.

      (E)     Compensatory damages under 35 U.S.C. § 284.

      (F)     Treble damages under 35 U.S.C. § 284.

      (G)     An order that Defendants each account to Cequent for all sales, revenues, and profits derived from their infringing activities and that three times those profits be disgorged and paid to Cequent under 35 U.S.C. § 284.

      (H)     Attorneys' fees under 35 U.S.C. § 285.

      (I)     Pre-judgment and post-judgment interest.

      (J)     Costs of the action.

      (K)     Such other and further relief as allowed at law or in equity that the Court deems to be appropriate.


Dated: December 31, 2013

   s/ David B. Cupar

| | |
|---|---|
| David B. Cupar (OH 0071622) | Timothy J. Lowe (P68669) |
| Matthew J. Cavanagh (OH 0079522) | MCDONALD HOPKINS LLC |
| MCDONALD HOPKINS LLC | 39533 Woodward Ave., Suite 318 |
| 600 Superior Avenue, East, Ste. 2100 | Bloomfield Hills, Michigan 48304 |
| Cleveland, Ohio 44114 | t 248.646.5070 │ f 248.646.5075 |
| t 216.348.5400 │ f 216.348.5474 | tlowe@mcdonaldhhopkins.com |
| dcupar@mcdonaldhopkins.com | |
| mcavanagh@mcdonaldhopkins.com | |

*Counsel for Cequent Performance Products, Inc.*

## **Jury Demand**

Plaintiff Cequent Performance Products, Inc. hereby demands a jury trial for all issues so triable.

    s/ David B. Cupar
*Counsel for*
*Cequent Performance Products, Inc.*

{4631319;}