IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Cequent Performance Products, Inc., | |
| Plaintiff, | |
| v. | Civil Case No. 2:13-cv-15293 |
| Hopkins Manufacturing Corporation, | Judge Goldsmith |
| and | Demand For Jury Trial |
| The Coast Distribution System, Inc., | |
| Defendants. | |

**HOPKINS MANUFACTURING CORPORATION'S AND THE COAST DISTRIBUTION SYSTEM, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Defendants Hopkins Manufacturing Corporation ("Hopkins") and The Coast Distribution System, Inc. ("Coast"), (collectively "Defendants") for their Answer to Cequent Performance Products, Inc.'s ("Cequent's") Complaint, hereby state as follows, with each numbered answer corresponding to the numbered paragraph of the Complaint:

**Summary of Case**

1. Defendants admit this paragraph identifies the type of action filed and remedies sought by Cequent. To the extent any further response is required, Defendants deny that they have infringed any valid claim of U.S. Patent Nos.

6,068,352 (the " '352 Patent"), 6,012,780 (the " '780 Patent"), and 6,445,993 (the " '993 Patent") (collectively the "Patents-in-Suit").

2.      Defendants admit the Patents-in-Suit are directed to the subject matter claimed therein but otherwise deny the allegations of this paragraph.

## The Parties

3.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

4.      Hopkins admits the allegations of this paragraph. Coast lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

5.      Coast admits the allegations of this paragraph. Hopkins lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

## Jurisdiction and Venue

6.      Defendants admit this Court has subject matter jurisdiction over this matter. To the extent any further response is required, Defendants deny that they have infringed any valid claim of the Patents-in-Suit.

7.      Defendants admit this Court has personal jurisdiction over them. To the extent any further response is required, Defendants deny that they have

infringed any valid claim of the Patents-in-Suit or that any tortious harm has been inflicted upon Cequent.

8. Defendants admit venue is proper in this Court.

### Relevant Facts

9. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

10. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

11. Admitted.

12. Admitted.

13. Admitted.

14. Denied; the Patents-in-Suit are directed to the subject matter claimed therein.

15. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

### Defendants' Infringement of The Patents

16. Denied.

17. Hopkins admits it sells its products through online stores including Amazon.com and etrailer.com and that consumers in any state can purchase Hopkins' products from these websites. Hopkins denies the remaining allegations

of this paragraph. Coast lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

18. Hopkins admits it maintains websites identifying brick-and-mortar retail stores in Michigan where customers can buy Hopkins' products. Hopkins denies the remaining allegations of this paragraph. Coast lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

19. Coast admits it sells products throughout the U.S., including in Michigan, through regional distribution centers. Coast denies the remaining allegations of this paragraph. Hopkins lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

## Count One
*Patent Infringement*

20. Defendants incorporate by reference their responses to paragraphs 1 through 19, above, as if fully set forth herein.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

WHEREFORE, Defendants pray that Cequent take nothing by way of its Complaint, that Cequent's claims be dismissed with prejudice, that Defendants be awarded their costs, expenses and attorneys' fees in defending the matter, and such other and further relief as the Court deems just and proper.

## Affirmative Defenses

1. Cequent's complaint fails to state a claim for which relief may be granted.

2. One or more of the asserted claims of the '352 Patent are invalid and void under 35 U.S.C. §§ 101, 102, 103, and/or 112.

3. One or more of the asserted claims of the '780 Patent are invalid and void under 35 U.S.C. §§ 101. 102, 103, and/or 112.

4. One or more of the asserted claims of the '993 Patent are invalid and void under 35 U.S.C. §§ 101, 102, 103, and/or 112.

5. Defendants have not infringed and do not infringe any valid claim of the '352 Patent directly or indirectly, literally or under the doctrine of equivalents.

Defendants have not contributed and do not contribute to any infringement by others and have not induced and do not induce others to infringe any claim of the '352 patent.

6. Defendants have not infringed and do not infringe any valid claim of the '780 Patent directly or indirectly, literally or under the doctrine of equivalents. Defendants have not contributed and do not contribute to any infringement by others and have not induced and do not induce others to infringe any claim of the '780 patent.

7. Defendants have not infringed and do not infringe any valid claim of the '993 Patent directly or indirectly, literally or under the doctrine of equivalents. Defendants have not contributed and do not contribute to any infringement by others and have not induced and do not induce others to infringe any claim of the '993 patent.

8. Prosecution history estoppel applies to preclude Cequent's reliance on the doctrine of equivalents.

9. On information and belief, Plaintiff released Hopkins accused activity in a settlement agreement entered in March 2010.

10. Plaintiff's claims are barred by the doctrines of laches and delay.

11. Plaintiff's claims are barred by the doctrines of estoppel and waiver.

12. Defendants expressly reserve the right to assert additional defenses based on further discovery and investigation in this matter, such as inequitable conduct and improper inventorship.

## Counter Claim

COMES NOW Hopkins Manufacturing Corporation ("Hopkins") and The Coast Distribution System, Inc. ("Coast") (collectively "Defendants"), and for their Counterclaim against Cequent, allege as follows:

## Parties

1. Hopkins is a Kansas corporation having a principal place of business in Kansas.

2. Coast is a Delaware corporation having a principal place of business in California.

3. Upon information and belief, Cequent is a Delaware corporation with its principal place of business in Michigan.

## Jurisdiction and Venue

4. This is an action for Declaratory Judgment under 28 U.S.C. §§ 2201 and 2202 seeking adjudication that U.S. Patent Nos. 6,068,352 (the " '352 Patent"), 6,012,780 (the " '780 Patent"), and 6,445,993 (the " '993 Patent) (collectively the "Patents-in-Suit") are not infringed and are invalid and void.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 in that this action arises under the patent laws of the United States and an actual controversy exists between the parties.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b).

## Count 1 – Non-infringement and Invalidity of the '352 Patent

7. Defendants incorporate by reference and re-allege paragraphs 1 through 6 of their counterclaim, above, as if fully set forth herein.

8. Cequent has alleged that it is the owner of the '352 Patent.

9. Cequent has charged Defendants with infringement of the '352 Patent and Defendants have denied that allegation.

10. There is a substantial, justiciable, and continuing controversy between Defendants and Cequent as to Cequent's suit for infringement of the '352 Patent, the validity and scope of the '352 Patent, and whether Defendants have infringed or are infringing any valid claim of the '352 Patent.

11. Upon information and belief, one or more of the claims of the '352 Patent are invalid and void under 35 U.S.C. §§ 101, 102, 103, and/or 112.

12. Defendants have not infringed any valid claim of the '352 Patent.

13. Defendants will be damaged in their businesses by the charges of infringement by Cequent in its Complaint and will be irreparably harmed if the existing controversy between the parties is not promptly adjudicated.

14. As a result, Defendants seek a declaration that the '352 Patent is invalid, void, and not infringed by Defendants.

### Count 2 – Non-infringement and Invalidity of the '780 Patent

15. Defendants incorporate by reference and re-allege paragraphs 1 through 14 of their counterclaim, above, as if fully set forth herein.

16. Cequent has alleged that it is the owner of the '780 Patent.

17. Cequent has charged Defendants with infringement of the '780 Patent and Defendants have denied that allegation.

18. There is a substantial, justiciable, and continuing controversy between Defendants and Cequent as to Cequent's suit for infringement of the '780 Patent, the validity and scope of the '780 Patent, and whether Defendants have infringed or are infringing any valid claim of the '780 Patent.

19. Upon information and belief, one or more of the claims of the '780 Patent are invalid and void under 35 U.S.C. §§ 101, 102, 103, and/or 112.

20. Defendants have not infringed any valid claim of the '780 Patent.

21. Defendants will be damaged in their businesses by the charges of infringement by Cequent in its Complaint and will be irreparably harmed if the existing controversy between the parties is not promptly adjudicated.

22. As a result, Defendants seek a declaration that the '780 Patent is invalid, void, and not infringed by Defendants.

### Count 3 – Non-infringement and Invalidity of the '993 Patent

23. Defendants incorporate by reference and re-allege paragraphs 1 through 22 of their counterclaim, above, as if fully set forth herein.

24. Cequent has alleged that it is the owner of the '993 Patent.

25. Cequent has charged Defendants with infringement of the '993 Patent and Defendants have denied that allegation.

26. There is a substantial, justiciable, and continuing controversy between Defendants and Cequent as to Cequent's suit for infringement of the '993 Patent, the validity and scope of the '993 Patent, and whether Defendants have infringed or are infringing any valid claim of the '993 Patent.

27. Upon information and belief, one or more of the claims of the '993 Patent are invalid and void under 35 U.S.C. §§ 101, 102, 103, and/or 112.

28. Defendants have not infringed any valid claim of the '993 Patent.

29. Defendants will be damaged in their businesses by the charges of infringement by Cequent in its Complaint and will be irreparably harmed if the existing controversy between the parties is not promptly adjudicated.

30. As a result, Defendants seek a declaration that the '993 Patent is invalid, void, and not infringed by Defendants.

WHEREFORE, Defendants prays for the following relief:

1. That the '352 Patent be declared invalid and void;

2. That the '352 Patent be declared not infringed by Defendants;

3. That the '780 Patent be declared invalid and void;

4. That the '780 Patent be declared not infringed by Defendants;

5. That the '993 Patent be declared invalid and void;

6. That the '993 Patent be declared not infringed by Defendants;

7. That judgment on Cequent's Complaint be rendered for Defendants, with costs of litigation awarded to Defendants;

8. That the Court find this case to be exceptional and award Defendants their reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

9. That the Court grant to Defendants such other, further, and different relief as the Court may deem just and proper.

## Jury Demand

Defendants demand a jury trial.


Dated:  March 13, 2014

Respectfully submitted,

BROOKS WILKINS SHARKEY & TURCO, PLLC

By:  s/ Steven M. Ribiat
    Steven M. Ribiat (45161)
401 S. Old Woodward, Suite 400
Birmingham, MI 48009
(248) 971-1800
ribiat@bwst-law.com

-and-

Scott R. Brown (admission forthcoming)
Matthew B. Walters (admission forthcoming)
HOVEY WILLIAMS LLP
10801 Mastin Blvd., Suite 1000
Overland Park, KS  66210
Telephone:  (913) 647-9050
Fax:  (913) 647-9057
sbrown@hoveywilliams.com
mwalters@hoveywilliams.com

ATTORNEYS FOR DEFENDANTS
HOPKINS MANUFACTURING CORPORATION AND
THE COAST DISTRIBUTION SYSTEM, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: David B. Cupar, Matthew J. Cavanagh, and Timothy J. Lowe.

s/Steven M. Ribiat
BROOKS WILKINS SHARKEY & TURCO PLLC
401 South Old Woodward, Suite 400
Birmingham, Michigan 48009
(248) 971-1800
ribiat@bwst-law.com
P45161
