UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Cequent Performance Products, Inc., | Case No. 2:13-cv-15293-MAG-PJK |
| Plaintiff, | |
| | Judge Mark A. Goldsmith |
| v. | |
| | Magistrate Judge |
| Hopkins Manufacturing Corporation et al., | Paul J. Komives |
| Defendants. | |

David B. Cupar
Matthew J. Cavanagh
Timothy J. Lowe
McDonald Hopkins LLC
39533 Woodward Ave., Ste. 318
Bloomfield Hills, MI 48304
t 248.220.1352 │ f 248.646.5075
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com
tlowe@mcdonaldhopkins.com

*Counsel for Cequent
Performance Products, Inc.*

Steven M. Ribiat
Brooks Wilkins Sharkey & Turco,
PLLC
401 S. Old Woodward, Suite 400
Birmingham, MI 48009
t 248.971.1718 │ f 248.971.1801
ribiat@bwst-law.com

*Counsel for Hopkins
Manufacturing Corporation and
The Coast Distribution System,
Inc.*

## RULE 26(f) REPORT AND PROPOSED
## SCHEDULING ORDER FOR PATENT INFRINGEMENT CASE

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties to this case, by and through their respective counsel, jointly submit this Rule 26(f) Report and Proposed Scheduling Order:

## I.   RULE 26(f) CONFERENCE.

Pursuant to Rule 26(f), the parties held a meeting on March 28, 2014, which was attended by the following attorneys:

| | |
|---|---|
| Matthew J. Cavanagh | Scott R. Brown |
| McDonald Hopkins LLC | HOVEY WILLIAMS LLP |
| 600 Superior Ave., East | 10801 Mastin Blvd., Ste 1000 |
| Cleveland, Ohio 44114 | Overland Park, KS  66210 |
| t 216.348.5400 │ f 216.348.5474 | Telephone:  (913) 647-9050 |
| mcavanagh@mcdonaldhopkins.com | Fax:  (913) 647-9057 |
| | sbrown@hoveywilliams.com |
| *Counsel for Cequent* | |
| *Performance Products, Inc.* | *Counsel for Hopkins* |
| | *Manufacturing Corporation and* |
| | *The Coast Distribution System,* |
| | *Inc.* |

## II.   SUBJECTS AND NATURE OF DISCOVERY
### A.   *DISCOVERY BY PLAINTIFF*

Cequent anticipates conducting discovery on at least the following topics: (i) how Hopkins designed and engineered its infringing brake controller products; (ii) Hopkins' and Coast's (collectively, the "Defendants") sales of infringing brake controller products, and the

revenue and profits they obtained from those sales; (iii) Defendants'
willfulness with regard to infringement; (iv) Cequent's damages; and (v)
Defendants' defenses, including its invalidity and non-infringement
defenses.

### B.    DISCOVERY BY DEFENDANTS

Defendants anticipate conducting discovery on at least the
following topics: (i) the design and development work that led to the
filing of the patents-in-suit; (ii) facts relating to claim construction; (iii)
Cequent's infringement allegations; (iv) facts relating to invalidity
including but not limited to prior art of which Cequent and third parties
are aware; (v) Cequent's damage claims; and (vi) facts related to
Defendants' affirmative defenses.

### C.    ELECTRONICALLY STORED INFORMATION

The parties have agreed to conduct discovery of ESI as follows:

Any request for production under Rule 34 shall be construed to
include any responsive electronically stored information ("ESI"), unless
the request explicitly states otherwise.

Upon receiving a Rule 34 request, in addition to its obligations
with regard to paper discovery, the responding party shall conduct a

reasonable search of any media or storage device in its possession, custody, or control on which responsive ESI is likely to reside, including any ESI stored at or obtainable from websites. The responding party then will produce all of the responsive ESI yielded from its search, other than that which is withheld on the basis of privilege, work-product, or some other valid objection.

The parties shall produce ESI in PDF format. If a party believes there is good cause for particular files to be produced in an additional or different format, such as native, then the parties will confer and attempt to agree upon a method for production of those files. If they are unable to agree, a party may move the Court to resolve the issue.

The parties will produce ESI on a suitable storage media (*e.g.*, CD or DVD), storage device (*e.g.*, USB flash drive, external hard drive), by e-mail, or by Internet transmission.

Each party has instituted a litigation hold to ensure that relevant ESI is preserved and not destroyed or deleted.

### III.   DISCOVERY SCHEDULE
####       A.   *FACT DISCOVERY*

Fact discovery shall commence on <u>March 31, 2014</u>, and be served no later than <u>January 2, 2015</u>.

<u>Plaintiff's Proposal:</u> Discovery shall begin on all discoverable issues and shall not be limited to claim interpretation. Discovery shall include any relevant opinions of counsel if Defendant intends to rely upon an opinion of counsel as a defense to a claim of willful infringement.

<u>Defendants' Proposal</u>: Discovery shall be phased as follows. Discovery shall begin on all issues relating to liability. Prior to September 5, 2014, the date upon which each party must propose a claim construction, no discovery shall be served regarding issues related to damages. After September 5, damage discovery may commence. If Defendants intend to rely on an opinion of counsel as a defense to a claim of willful infringement, each defendant must so elect and disclose any such opinion within 30 days of the Court's order on claim construction. Discovery regarding any such opinion may then proceed.

### B.    RULE 26(a)(1) INITIAL DISCLOSURES

The parties will exchange the initial discovery disclosures required by Rule 26(a)(1) by <u>April 21, 2014</u>.

### C.    DEADLINE TO ADD PARTIES

The deadline for adding parties is <u>June 23, 2014</u>.  The deadline for amending the pleadings is <u>June 23, 2014</u>.

### D.    DISCLOSURE OF INFRINGEMENT CONTENTIONS

The patentee must file and serve disclosures of the following information by <u>May 7, 2014</u>:

**1.**    Each patent claim that is allegedly infringed by each opposing party;

**2.**    For each asserted claim, the accused product of each opposing party of which the patentee is aware.  This identification shall be as specific as possible.  Plaintiff shall identify each accused product by name or model number, if known.

**3.**    A chart identifying specifically where each limitation of each asserted patent claim is found within each accused product, including for each limitation that such party contends is governed by 35 U.S.C. § 112 ¶ 6, the identity of the structure(s), act(s), or

material(s) in the accused product that performs the claimed function.

4.     Whether each claim limitation of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the accused product.

### E.     DISCLOSURE OF INVALIDITY CONTENTIONS

Any party asserting invalidity or unenforceability claims/defenses must file and serve disclosures containing the following by <u>June 6, 2014</u>:

1.     Each item of prior art that forms the basis for any allegation of invalidity by reason of anticipation under 35 U.S.C. § 102 or obviousness under 35 U.S.C. § 103.   For prior art that is a document, a copy of the document should be provided to the patentee's counsel or be identified by Bates Number if it was previously produced.   As to prior art that is not documentary in nature, such prior art shall be identified with particularity (by "who, what, when, and where" etc.) as to publication date, sale date, use date, source, ownership, inventorship, conception and any other pertinent information.

**2.** Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items or prior art makes a claim obvious, each such combination, and the reason why a person of ordinary skill in the art would combine such items must be identified.

**3.** A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each claim limitation that such party is governed by 35 U.S.C. § 112 ¶ 6, the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

**4.** For any grounds of invalidity based on 35 U.S.C. § 112 or other defenses, the party asserting the claim or defense shall provide its reasons and evidence why the claims are invalid or the patent unenforceable and make specific reference to relevant portions of the patent specification and/or claims. Such positions shall be made in good faith and not simply *pro forma* arguments.

### F.   *NON-INFRINGEMENT CONTENTIONS*

On or before <u>June 6, 2014</u>, a party asserting non-infringement as a defense shall file and serve non-infringement contentions, which shall

explain the factual basis for any allegation that it does not infringe the patent-in-suit either literally or under the doctrine of equivalents, including identifying what claim limitations that it believes are not present in the accused products and why an equivalent is not present.

### G. DEADLINE FOR AMENDING INFRINGEMENT, NON-INFRINGEMENT, AND INVALIDITY CONTENTIONS

Each party shall file seasonably amend any infringement, invalidity, or non-infringement contention in accordance with Rule 26(e) of the Federal Rules of Civil Procedure upon learning that the contention is incomplete or incorrect. The parties should timely conduct discovery so that these contentions can be updated as soon as possible. Any amendment to a party's infringement, invalidity, or non-infringement contentions, or other pleading, that is necessary due to the Court's claim interpretation ruling, must be timely made but in no event later than one month after the Court's claim construction ruling.

### H. CLAIM CONSTRUCTION PROCEEDINGS

Pursuant to the decision of *Markman v. Westview Instruments, Inc.*, 116 S. Ct. 1384 (1996), the following procedures will be followed for resolution of claim construction issues in this case.

**1.**     INITIAL    IDENTIFICATION    OF    DISPUTED    CLAIM

TERMS – The parties will confer to determine what claim terms

may need to be interpreted by the Court by <u>August 6, 2014</u>.

**2.**     PROPOSED INTERPRETATIONS – On or before <u>September</u>

<u>5, 2014</u>, the parties shall exchange, but not file, a chart or table

that lists for each disputed claim term the party's proposed

interpretation of the disputed claim term along with citations to

the intrinsic and extrinsic evidence (e.g., patent, prosecution

history,   dictionary   definitions,   etc.)   that   supports   its

interpretation along with a summary of any testimony that is

expected to be offered to support that interpretation.

**3.**     FINAL IDENTIFICATION OF DISPUTED CLAIM TERMS

– Within one week after exchanging the claim chart above, the

parties shall confer again about the claim terms in dispute.   At

this meeting, the parties shall attempt to narrow and finalize the

claim terms that need to be interpreted by the Court.   If, at any

time, the parties determine that a claim construction hearing is

not necessary, they shall notify the Court in a timely matter.   The

parties shall set forth separately the construction of those claim terms on which the parties agree.

4.     TECHNOLOGY TUTORIAL – The Court will hold an informal conference with the attorneys on [Parties to leave blank: Case Manager will schedule approximately 2 weeks from Final Identification of Disputed Claim Terms] at _____ a.m. / p.m. At the conference, the attorneys for each side will explain the technology at issue in the litigation.  The conference will not be recorded.  At this conference, the parties shall inform the Court of how many claim terms they propose that the Court interpret.  The Court may limit the number of terms that will be interpreted at an initial Markman hearing.

**Plaintiff's Proposal on Claim Construction Briefing**

**Plaintiff proposes that the Court implement the claim construction briefing scheduling set forth in its standard Scheduling Order for patent cases, which is as follows:**

5.     PLAINTIFF'S OPENING CLAIM CONSTRUCTION BRIEF – Plaintiff(s) shall file its opening claim construction within 1 month from date of technology tutorial.

**6.**    DEFENDANT'S RESPONSE BRIEF – Defendant(s) shall file any responsive claim construction brief within <u>1 month from date of Plaintiff's opening claim construction brief</u>.

**7.**    DRAFT OF PLAINTIFF'S REPLY BRIEF – To the extent that Plaintiff intends to file a reply brief on claim construction issues, Plaintiff(s) shall serve, but not file, a good-faith draft of its intended reply brief on opposing counsel <u>within 14 days of the filing of Defendant's response brief</u>.  Plaintiff shall prepare and serve within this time period a draft four-column claim interpretation chart in the form of Exhibit A.

**8.**    MEET AND CONFER – Within <u>two weeks</u> from service of the DRAFT OF PLAINTIFF'S REPLY BRIEF, or the time that service would have been due if Plaintiff does not file a reply brief, principal counsel for both parties shall have a conference to discuss the parties' legal theories and proposed claim interpretations in an effort to narrow the disputes and arguments that the Court must resolve.

**9.**    FILING OF FINAL VERSION OF REPLY BRIEF AND CLAIM CHART – Within <u>one week</u> of the MEET AND CONFER,

Plaintiff shall file with the Court and serve on opposing counsel the final versions of its reply brief and the claim chart in the form of Exhibit A. Plaintiff shall set forth in its reply brief any previous claim interpretation disputes that the parties have resolved in the MEET AND CONFER.  Plaintiff shall also submit an editable copy of the final version of the claim chart to the Court via email as a proposed order through the Court's electronic filing system.

10.   CLAIM CONSTRUCTION HEARING – The Court will conduct a claim interpretation hearing on [Parties to leave blank: Case Manager will schedule approximately ~ 2 months from reply brief deadline].

**Defendants' Proposal on Claim Construction Briefing:**

**5.**   SIMULTANEOUS OPENING CLAIM CONSTRUCTION BRIEFS – Each party shall file its opening claim construction within 1 month from date of technology tutorial.

**6.**   DRAFT OF EACH PARTY'S RESPONSE BRIEF – Each party shall serve, but not file, a good-faith draft of its intended response brief on opposing counsel within 4 weeks of the filing of the opening claim construction briefs.  Plaintiff shall prepare and

serve within this time period a draft four-column claim interpretation chart in the form of Exhibit A.

7.    MEET AND CONFER – Within <u>two weeks</u> from service of the DRAFT RESPONSE BRIEFS, principal counsel for both parties shall have a conference to discuss the parties' legal theories and proposed claim interpretations in an effort to narrow the disputes and arguments that the Court must resolve.

8.    FILING OF FINAL VERSION OF RESPONSE BRIEFS AND CLAIM CHART – Within <u>one week</u> of the MEET AND CONFER, the parties shall file and serve their final response briefs and Plaintiff shall file with the Court and serve on opposing counsel the final versions of the claim chart in the form of Exhibit A. Plaintiff shall set forth in its response brief any previous claim interpretation disputes that the parties have resolved in the MEET AND CONFER.  Plaintiff shall also submit an editable copy of the final version of the claim chart to the Court via email as a proposed order through the Court's electronic filing system.

9.    CLAIM CONSTRUCTION HEARING – The Court will conduct a claim interpretation hearing on [Parties to leave blank:

Case Manager will schedule approximately ~ 2 months from reply brief deadline].

## I.   EXPERT DISCOVERY

1.     Each party shall serve expert reports as required by Rule 26(a)(2), on issues where that party bears the burden of proof, within 1 month of Markman decision; on issues where a party does not bear the burden of proof, rebuttal expert reports are due within 1 month of principal expert reports.[1]

2.     All expert discovery shall commence so as to be completed within 2 months of the rebuttal expert reports.

## J.   MOTIONS

1.     All dispositive motions shall be filed within 1 month after the deadline for expert discovery.

2.     All motions in limine shall be filed on or before [Parties to leave blank: Case manager will enter Judge's normal preference].

---

[1] The parties may agree to delay expert reports as to damages if such an agreement is unlikely to delay the trial date.

### K.    WITNESS LISTS AND EXHIBITS

**1.**    The parties shall exchange preliminary witness lists on or before _____; final witness lists shall be exchanged on or before _____.

**2.**    The parties shall exchange preliminary exhibit lists on or before_____; final exhibit lists shall be exchanged on or before _____.

### L.    PRETRIAL

**1.**    The Parties will file proposed preliminary and final jury instructions on or before [Parties to leave blank: Case manager will enter Judge's normal preference, usually at least 3 weeks before the final pretrial conference].

**2.**    The parties will file a Joint Final Pretrial Statement pursuant to Local Rule 16.2 on or before [Parties to leave blank: Case manager will enter Judge's normal preference].

**3.**    A Final Pretrial Conference will be held pursuant to Local Rule 16.1 on [Parties to leave blank: Case manager will enter Judge's normal preference].   At the conference, the Court will discuss the number of claims that the Court will present to a jury.

### M.    TRIAL

Trial will begin on [To be set by Case Manager approximately 6 months after deadline for dispositive motions or 3 months after opinion resolving dispositive motions].   The trial of the liability portion of the case will normally be bifurcated from the damages portion.   If the jury finds liability, the Court will continue the trial to the damages issues before the same jury.   The liability and damages portions of the trial will only be separated by a short period of time, likely around a week, depending on the availability of the jurors and the Court's schedule.

## IV.   ADDITIONAL MATTERS

Below, the parties address the specific matters identified in the Court's March 14, 2014, Order (ECF # 13).

### A.    SUMMARY OF CASE

Cequent's Summary: Cequent initiated this action because Hopkins and Coast Distribution are making, using, selling, offering to sell, and/or importing trailer brake controllers that are covered by one or more claims in each of the following Cequent patents: U.S. Patent Nos. 6,068,352; 6,012,780; and 6,445,993. The infringing products include (without limitation) the Hopkins Agility, Hopkins InSIGHT,

Husky Quest, and Husky Ascend brake controllers. Cequent's patented brake controllers are an improvement over prior devices because, among other things, they better coordinate the braking of a towing vehicle (such as a pickup truck) with its trailer's brakes to provide for smoother and more efficient braking. Cequent seeks money damages and injunctive relief.

Defendants' Summary:   Defendants deny that any of their products are covered by the claims of U.S. Patent Nos. 6,068,352; 6,012,780; or 6,445,993.   Moreover, the claims of U.S. Patent Nos. 6,068,352; 6,012,780; and 6,445,993 are invalid and void under 35 U.S.C. §§ 101, 102, 103, and/or 112.

### B.   BASIS FOR SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1338 because Cequent is asserting patent infringement under the Patent Act.

### C.   RELATIONSHIP TO OTHER CASES

This case is not related to any other cases.

{4799607;}                                    18

D.   *CONTEMPLATED AMENDMENT OF PLEADINGS TO ADD OR DELETE CLAIMS, DEFENSES, OR PARTIES*

None of the parties are presently contemplating any amendments to the pleadings.

E.   *ANTICIPATED DISCOVERY DISPUTES AND DISCOVERY PROGRESS*

The parties do not presently anticipate any discovery disputes and will confer in good faith to resolve any issues if they arise, in accordance with Rule 37. The parties will ask the Court to enter a global protective order to protect confidential and competitively-sensitive materials that are exchanged in discovery. Cequent has provided defendants with a draft stipulated protective order, which defendants are currently reviewing. On March 31, 2014, Cequent served interrogatories and requests for production on defendants.

F.   *FACILITATION/ARBITRATION/CASE EVALUATION*

The parties have informally discussed the possibility of settlement. Cequent has requested sales data from defendants for the accused products, so that Cequent can make a settlement demand. Defendants are considering Cequent's request. At this stage, the parties

wish to pursue settlement possibilities informally, and will inform the Court if and when more formal, court-sponsored ADR mechanisms are appropriate.

### G.   ANTICIPATED MOTION PRACTICE

Cequent may move for summary judgment of infringement, on one or more of defendants' defenses, and on any discrete issues identified in discovery that are fit for summary judgment.

Defendants are considering filing petitions for *inter partes review* proceedings for the claims of U.S. Patent Nos. 6,068,352; 6,012,780; and 6,445,993 and seeking a stay. Defendants may also move for summary judgment of non-infringement, invalidity, and on any discrete issues identified in discovery that are fit for summary judgment.

### H.   SETTLEMENT

See Section IV(F) above.

**SO ORDERED**

Dated: _____     _____
                                 The Honorable Mark A. Goldsmith
                                 United States District Court Judge

s/ Matthew J. Cavanagh
David B. Cupar
Matthew J. Cavanagh
Timothy J. Lowe
McDonald Hopkins LLC
39533 Woodward Ave., Ste. 318
Bloomfield Hills, MI 48304
t 248.220.1352 │ f 248.646.5075
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com
tlowe@mcdonaldhopkins.com

*Counsel for Cequent*
*Performance Products, Inc.*

Date:   3/31/14

s/ Steven M. Ribiat
Steven M. Ribiat
Brooks Wilkins Sharkey & Turco,
PLLC
401 S. Old Woodward, Suite 400
Birmingham, MI 48009
t 248.971.1718 │ f 248.971.1801
ribiat@bwst-law.com

*Counsel for Hopkins*
*Manufacturing Corporation and*
*The Coast Distribution System,*
*Inc.*

Date:   3/31/14

{4799607:}

21

# EXHIBIT A

## CLAIM INTERPRETATION CHART

| Disputed Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction | Court's Construction |
|---|---|---|---|
| 1.    "Term 1" | | | |
| 2.    "Term 2" | | | |
| 3.    "Term 3" | | | |
| 4.    "Term 4" | | | |