UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Cequent Performance
Products, Inc.,

            Plaintiff,

      v.

Hopkins Manufacturing
Corporation et al.,

            Defendants.

_____/

Case No. 13-15293

Judge Matthew F. Leitman

Magistrate Judge
Paul J. Komives

## STIPULATED PROTECTIVE ORDER

The parties to this action have jointly moved the Court to enter a protective order. The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, it is ORDERED:

1. **Scope.** All disclosures, affidavits and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, tangible objects, information, and other things produced, provided, or disclosed in the course of this action which may be subject to restrictions on disclosure

under this Order, and information derived directly therefrom (hereinafter referred to collectively as "documents"), shall be subject to this Order as set forth below. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. This Order applies to materials or testimony produced by the parties and by third-parties subject to subpoena. Accordingly, all references within this Order to a "party" or the "parties" include third-parties subject to subpoena where applicable.

2. **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "CONFIDENTIAL") or "ATTORNEYS EYES ONLY - SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "ATTORNEYS EYES ONLY") on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation. Documents shall be designated prior to or at the time of the production or disclosure of the documents. When a tangible object is produced for

inspection subject to protection under this Order, a photograph thereof shall be produced at the time of inspection labeled with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY. Thereafter any information learned or obtained as a result of the inspection shall be subject to protection under this Order in accordance with the applicable designation. When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL or ATTORNEYS EYES ONLY even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall

be marked CONFIDENTIAL or ATTORNEYS EYES ONLY as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation. The designation of documents for protection under this Order does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3.   **Documents    Which    May    be    Designated CONFIDENTIAL.** Any   party   may   designate   documents   as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential business or personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and documents that are publicly available may not be designated for protection under this Order.

4.   **Documents Which May be Designated ATTORNEYS EYES ONLY.** Any party may designate documents as ATTORNEYS EYES ONLY upon making a good faith determination that the documents contain information protected from disclosure by statute or

that should be protected from disclosure as trade secrets or other highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the designating party.

5. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL or ATTORNEYS EYES ONLY only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit designated for protection under this Order. Thereafter, the deposition testimony and exhibits so designated shall be protected, pending objection, under the terms of this Order. By stipulation read into the record the parties may agree temporarily to designate an entire deposition and the exhibits used therein for protection under this Order pending receipt and review of the transcript. In such a circumstance, the parties shall review the transcript within 14 days of the receipt thereof and specifically designate the testimony and exhibits that will be protected under this Order. Thereafter only the specifically designated testimony and exhibits shall be protected under the terms of this Order.

6.     **Protection of Confidential Material.**

(a)   **Protection       of       Documents       Designated CONFIDENTIAL.** Documents designated CONFIDENTIAL under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL to any third person or entity except as set forth in subparagraphs (1)-(7). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL.

(1)   **Outside Counsel of Record.** Outside Counsel of record for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action.

(2)   **Parties.** Parties and employees of a party to this Order.

(3)   **The Court.** The Court and its personnel.

(4)   **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions.

(5)   **Persons Creating or Receiving Documents.** Any person who authored or recorded the designated document, and any

person who has previously seen or was aware of the designated document.

(6) **Consultants, Investigators and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(7) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(b)     **Protection of Documents Designated ATTORNEYS EYES ONLY.** Documents designated ATTORNEYS EYES ONLY under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof.

The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated ATTORNEYS EYES ONLY to any third person or entity except as set forth in subparagraphs (1)-(6). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated ATTORNEYS EYES ONLY.

(1) **Outside Counsel of Record.** Outside counsel of record for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action.

(2) **The Court.** The Court and its personnel.

(3) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions.

(4) **Persons Creating or Receiving Documents.** Any person who authored or recorded the designated document, and any person who has previously seen or was previously aware of the designated document.

(5) **Independent Consultants, Investigators, and Experts.** Independent consultants, investigators, or experts specially retained by the parties or counsel for the parties to assist in

the preparation and trial of this action or proceeding ("Independent Expert"). A person who is a current employee of a party or of a party's competitor cannot qualify as an Independent Expert under this subparagraph (b)(5). The right of any Independent Expert to receive any ATTORNEYS EYES ONLY documents will be subject to the advance approval of disclosure to such expert by the producing party or by permission of the Court. The party seeking approval of disclosure to an Independent Expert must provide the producing party with the name and curriculum vitae of the proposed Independent Expert and an executed copy of the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, in advance of providing any ATTORNEYS EYES ONLY documents of the producing party to the expert.

Any objection by the producing party to disclosure to an Independent Expert receiving ATTORNEYS EYES ONLY documents must be made in writing within 10 calendar days following receipt of the identification of the proposed person,

must be made upon counsel's and the producing party's good faith belief that there is a reasonable likelihood that: (a) the person may use designated material for purposes other than preparation or trial of this case; or (b) disclosure to such person would threaten the producing party's business or interests, and must set forth the factual basis for the objecting party's belief. Failure to object within 10 calendar days to a person proposed shall be deemed approval, but shall not preclude a party from objecting to continued access to designated material where facts establish a bona fide likelihood that the designated person will use the designated information for purposes other than preparation or trial of the case or that disclosure to such person would threaten the producing party's business or interests.

Within three calendar days after the receipt of such written objection, the party seeking approval of disclosure to the Independent Expert shall inform the producing party whether it intends to proceed with the disclosure to the independent person or withdraw its request for approval. If

the party seeking approval does not withdraw its request for approval, the producing party may file a motion for protective order with the Court. ATTORNEYS EYES ONLY documents may be disclosed to an Independent Expert if no motion for protective order has been filed by the producing party within 20 calendar days following receipt of the identification of the proposed person.

(6) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(c) **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated for protection under this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year

after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

(d)    **Copies.** All copies of documents designated for protection under this Order, or any individual portion of such a document, shall be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY if the words do not already appear on the copy. All such copies shall be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of designated documents or otherwise disclose the substance of the designated documents .

(e)    **Inadvertent Production.** If a party inadvertently produces CONFIDENTIAL or ATTORNEYS EYES ONLY information without marking it as such, it may be disclosed to others until the disclosing party provides actual written notice to the receiving party or the receiving party becomes aware of the disclosing party's or nonparty's error; provided, however, that the receiving party is under the latter obligation only if it clearly appears from the face of the document that it contains non-public, confidential, proprietary, commercially sensitive,

or trade secret information of the party. As soon as the disclosing party notifies the receiving party of the inadvertent production, the information will be treated as if it had been timely designated under this Order, and the receiving party agrees to endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by this Paragraph 6, as well as any copies made by such persons.

7.    **Filing of CONFIDENTIAL or ATTORNEYS' EYES ONLY Documents Under Seal.**  Any material that is designated for protection under this Order shall be filed with the Court under seal in accordance with E.D. Mich. Local Rule 5.3 and shall remain under seal until further Order by the Court. To the extent that it is necessary for a party to discuss the contents of any material designated for protection under this Order in a document filed with this Court, then such portion of the document shall be filed under seal. In such circumstances, counsel shall prepare two versions of the document: a public and a sealed version. The public version shall contain a redaction of references to CONFIDENTIAL or ATTORNEYS EYES ONLY material. The sealed version shall be a full and complete version of the document

and shall be filed with the Clerk under seal in accordance with E.D. Mich. Local Rule 5.3. A copy of the unredacted document also shall be delivered to the judicial officer's chambers.

8. **Challenges by a Party to a Designation for Protection Under this Order.** A party shall not be obligated to challenge the propriety of a designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. However, all such objections to the designation of any material as protected by this Order shall be made at or before the final pretrial conference. Any party may request in writing to the party who designated the material that the designation be modified or withdrawn. If the designating party does not agree to re-designation within 10 days of receipt of the written request, the objecting party may apply to the Court for relief. Upon any such application to the Court for relief, the burden shall be on the designating party to show why its classification is proper. All interested parties will make best efforts to resolve such disagreements as to confidentiality before submitting them to the Court. Agreement of the parties to this Order shall not be construed as an agreement or

admission by one party that any designation by the other party is in any way proper or correct.

9.  **Use of Confidential Documents or Information at Trial.** To the extent that either party wishes to use any material designated under this Order in any court proceeding in this action or any appeal therefrom, counsel for the parties shall confer on such procedures as are necessary and appropriate to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings. Use of designated material in pretrial proceedings shall not affect its status as CONFIDENTIAL or ATTORNEYS' EYES ONLY material. With respect to trial of this matter, to the extent such conferral produces agreement between the parties, the agreed-upon procedures to protect confidentiality shall be incorporated, as appropriate, into the Final Pretrial Order. Any disagreement pertaining to use of designated material at trial that cannot be resolved by conferral of counsel shall be presented for resolution by the Court, as appropriate.

10.   **Inadvertent Production of Privileged Material**. Any inadvertent production of privilege or work product protected material shall not result in the waiver of any associated privilege (attorney-client privilege, work product doctrine, etc.). If a producing party discovers the inadvertent production it must promptly notify the receiving party of the claimed inadvertent production. However, the disclosure of any particular material shall cease to be "inadvertent" if the receiving party notifies the producing party of the disclosure and the producing party does not request the return of the privileged matter within 10 days. Upon notice of any such claim, the receiving party shall follow the procedures set forth in Rule 26 (b)(5)(B), but may only retain and sequester the identified material if it will seek a determination of the claim from the Court pursuant to that rule.

11.   **Obligations on Conclusion of Litigation.**

(a)   **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)   **Return of Documents Designated for Protection Under this Order.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents designated for protection under this Order, including copies as defined in ¶6(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain copies of all pleadings, motions, orders, written discovery, and other papers filed with the Court or exchanged by the parties even though they may contain documents designated for protection under this Order. Counsel may also retain attorney work product, including an index which refers or relates to documents designated for protection under this Order, so long as that work product does not duplicate verbatim substantial portions of the text or images of documents designated for protection under this Order. This work product shall continue to be subject to the

protections of this Order in accordance with the applicable designation. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use documents designated for protection under this Order.

(c)    **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

12.    **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

13.    **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents designated for protection under this Order are entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

14.    **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  May 23, 2014

**Stipulated by:**

  s/ Matthew J. Cavanagh
David B. Cupar
Matthew J. Cavanagh
Timothy J. Lowe
McDonald Hopkins LLC
39533 Woodward Ave., Ste. 318
Bloomfield Hills, MI 48304
t 248.220.1352 │ f 248.646.5075
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com
tlowe@mcdonaldhopkins.com

*Counsel for Cequent*
*Performance Products, Inc.*

  s/ Scott R. Brown (by consent)
Steven M. Ribiat (45161)
BROOKS WILKINS SHARKEY & TURCO,
PLLC
401 S. Old Woodward, Suite 400
Birmingham, MI 48009
Telephone: (248) 971-1800
Fax: (248) 971-1801
ribiat@bwst-law.com

-and-

Scott R. Brown
Matthew B. Walters
HOVEYWILLIAMS LLP
10801 Mastin Blvd., Suite 1000
Overland Park, KS 66210
Telephone: (913) 647-9050
Fax: (913) 647-9057
sbrown@hoveywilliams.com

mwalters@hoveywilliams.com

ATTORNEYS FOR DEFENDANTS
HOPKINS MANUFACTURING
CORPORATION AND THE COAST
DISTRIBUTION SYSTEMS, INC.

Attachment A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

Cequent Performance
Products, Inc.,                          Case No. 13-cv-15293

      Plaintiff,

                                Judge Matthew F. Leitman

  v.

                                Magistrate Judge
Hopkins Manufacturing                 Paul J. Komives
Corporation et al.,

      Defendants.
_____/

## <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

The undersigned hereby acknowledges that he/she has read the Protective Order entered in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Michigan in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

{4677153;}                              21

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date:_____   Signature: _____