UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Cequent Performance Products, Inc.,

                                          Case No. 2:13-cv-15293

          Plaintiff,                     Hon. Matthew F. Leitman

v.

Hopkins Manufacturing Corporation, et al.,

          Defendants.

---

## AMENDED SCHEDULING ORDER

Having reviewed the parties' Rule 26(f) Report and Proposed Scheduling Order (ECF # 14) and their respective briefs on their scheduling disputes (ECF # 16, 17), the Court ORDERS as follows.

## DISCOVERY SCHEDULE

### A.    FACT DISCOVERY

Fact discovery commenced on **March 31, 2014**, and shall end on **September 30, 2015**. Discovery must be served sufficiently in advance of the discovery cutoff so as to allow the opposing party sufficient time to respond under the Federal Rules of Civil Procedure prior to the close of discovery.

**B.      RULE 26(a)(1) INITIAL DISCLOSURES**

The parties have exchanged the initial discovery disclosures required by Rule 26(a)(1) by **April 21, 2014**.

**C.      DEADLINE TO ADD PARTIES**

The deadline for adding parties or amending the pleadings is **August 22, 2014**.

**D.      DISCLOSURE OF INFRINGEMENT CONTENTIONS**

The patentee served disclosures of the following information by **May 7, 2014**:

1. Each patent claim that is allegedly infringed by each opposing party;

2. For each asserted claim, the accused product of each opposing party of which the patentee is aware. This identification shall be as specific as possible. Plaintiff shall identify each accused product by name or model number, if known.

3. A chart identifying specifically where each limitation of each asserted patent claim is found within each accused product, including for each limitation that such party contends is governed by 35 U.S.C. § 112 ¶ 6, the identity of the

structure(s), act(s), or material(s) in the accused product that performs the claimed function.

4.      Whether each claim limitation of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the accused product.

## E.      DISCLOSURE OF INVALIDITY CONTENTIONS

Any party asserting invalidity or unenforceability claims/defenses must serve disclosures containing the following by **July 22, 2014**:

1.      Each item of prior art that forms the basis for any allegation of invalidity by reason of anticipation under 35 U.S.C. § 102 or obviousness under 35 U.S.C. § 103.  For prior art that is a document, a copy of the document should be provided to the patentee's counsel or be identified by Bates Number if it was previously produced.  As to prior art that is not documentary in nature, such prior art shall be identified with particularity (by "who, what, when, and where" etc.) as to publication date, sale date, use date, source, ownership, inventorship, conception and any other pertinent information.

2.      Whether each item of prior art anticipates each asserted claim or renders it obvious.  If a combination of items or prior art

3

makes a claim obvious, each such combination, and the reason why a person of ordinary skill in the art would combine such items must be identified.

3.   A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each claim limitation that such party is governed by 35 U.S.C. § 112 ¶ 6, the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

4.   For any grounds of invalidity based on 35 U.S.C. § 112 or other defenses, the party asserting the claim or defense shall provide its reasons and evidence why the claims are invalid or the patent unenforceable and make specific reference to relevant portions of the patent specification and/or claims.   Such positions shall be made in good faith and not simply *pro forma* arguments.

## F.   NON-INFRINGEMENT CONTENTIONS

By **July 22, 2014**, a party asserting non-infringement as a defense shall file and serve non-infringement contentions, which shall explain the factual basis for any allegation that it does not infringe the patent-in-suit either literally or under the

doctrine of equivalents, including identifying what claim limitations that it believes are not present in the accused products and why an equivalent is not present.

**G.   DEADLINE FOR AMENDING INFRINGEMENT, NON-INFRINGEMENT, AND INVALIDITY CONTENTIONS**

Each party shall file seasonably amend any infringement, invalidity, or non-infringement contention in accordance with Rule 26(e) of the Federal Rules of Civil Procedure upon learning that the contention is incomplete or incorrect.  The parties should timely conduct discovery so that these contentions can be updated as soon as possible.  Any amendment to a party's infringement, invalidity, or non-infringement contentions, or other pleading, that is necessary due to the Court's claim interpretation ruling, must be timely made but in no event later than one month after the Court's claim construction ruling.

**H.   CLAIM CONSTRUCTION PROCEEDINGS**

Pursuant to the decision of *Markman v. Westview Instruments, Inc.*, 116 S. Ct. 1384 (1996), the following procedures will be followed for resolution of claim construction issues in this case.

1.   INITIAL IDENTIFICATION OF DISPUTED CLAIM TERMS – The parties will confer to determine what claim terms may need to be interpreted by the Court by **January 28, 2015**.

2.   PROPOSED INTERPRETATIONS – On or before **March 13, 2015**, the parties shall exchange, but not file, a chart or table

that lists for each disputed claim term the party's proposed interpretation of the disputed claim term along with citations to the intrinsic and extrinsic evidence (e.g., patent, prosecution history, dictionary definitions, etc.) that supports its interpretation along with a summary of any testimony that is expected to be offered to support that interpretation.

3. FINAL IDENTIFICATION OF DISPUTED CLAIM TERMS – Within one week after exchanging the claim chart above, the parties shall confer again about the claim terms in dispute. At this meeting, the parties shall attempt to narrow and finalize the claim terms that need to be interpreted by the Court. If, at any time, the parties determine that a claim construction hearing is not necessary, they shall notify the Court in a timely matter. The parties shall set forth separately the construction of those claim terms on which the parties agree.

4. TECHNOLOGY TUTORIAL – The Court will hold an informal conference with the attorneys on **Monday, June 22, 2015 at 10:00 a.m**. At the conference, the attorneys for each side will explain the technology at issue in the litigation. The conference will not be recorded. At this conference, the parties

shall inform the Court of how many claim terms they propose that the Court interpret. The Court may limit the number of terms that will be interpreted at an initial Markman hearing.

5.      PLAINTIFF'S OPENING CLAIM CONSTRUCTION BRIEF – Plaintiff(s) shall file its opening claim construction by **April 13, 2015**.

6.      DEFENDANT'S RESPONSE BRIEF – Defendant(s) shall file any responsive claim construction brief by **May 13, 2015**.

7.      DRAFT OF PLAINTIFF'S REPLY BRIEF – To the extent that Plaintiff intends to file a reply brief on claim construction issues, Plaintiff(s) shall serve, but not file, a good-faith draft of its intended reply brief on opposing counsel <u>within 14 days of the filing of Defendant's response brief</u>. Plaintiff shall prepare and serve within this time period a draft four-column claim interpretation chart in the form of Exhibit A.

8.      MEET AND CONFER – Within <u>two weeks</u> from service of the DRAFT OF PLAINTIFF'S REPLY BRIEF, or the time that service would have been due if Plaintiff does not file a reply brief, principal counsel for both parties shall have a conference to discuss the parties' legal theories and proposed claim

interpretations in an effort to narrow the disputes and arguments that the Court must resolve.

9.    FILING OF FINAL VERSION OF REPLY BRIEF AND CLAIM CHART – Within <u>one week</u> of the MEET AND CONFER, Plaintiff shall file with the Court and serve on opposing counsel the final versions of its reply brief and the claim chart in the form of Exhibit A. Plaintiff shall set forth in its reply brief any previous claim interpretation disputes that the parties have resolved in the MEET AND CONFER. Plaintiff shall also submit an editable copy of the final version of the claim chart to the Court via email as a proposed order through the Court's electronic filing system.

10.    CLAIM CONSTRUCTION HEARING – The Court will conduct a claim interpretation hearing on **<u>Monday, July 27, 2015 at 10:00 a.m.</u>**

## I.    EXPERT DISCOVERY

1.    Each party shall serve expert reports as required by Rule 26(a)(2), on issues where that party bears the burden of proof, <u>within 1 month of Markman decision</u>; on issues where a party

does not bear the burden of proof, rebuttal expert reports are due <u>within 1 month of principal expert reports</u>.

2.     All expert discovery shall commence so as to be completed <u>within 2 months of the rebuttal expert reports</u>.

## J.    MOTIONS

1.     All dispositive motions shall be filed within <u>1 month after the deadline for expert discovery</u>.

2.     All motions in limine shall be filed on or before **February 19, 2016**.

## K.    PRETRIAL

1.     The Parties will file Rule 26(a)(3) Pretrial Disclosures on or before **January 21, 2016**.

2.     The Parties will file proposed preliminary and final jury instructions on or before **February 29, 2016**.

3.     The parties will file a Joint Final Pretrial Statement pursuant to Local Rule 16.2 on or before **March 7, 2016**.

4.     A Final Pretrial Conference will be held pursuant to Local Rule 16.1 on **Monday, March 21, 2016 at 10:00 a.m**. At the conference, the Court will discuss the number of claims that the Court will present to a jury.

**L.      TRIAL**

Trial will begin on **<u>Tuesday, April 12, 2016 at 9:00 a.m</u>**.  The trial of the liability portion of the case will normally be bifurcated from the damages portion. If the jury finds liability, the Court will continue the trial to the damages issues before the same jury.  The liability and damages portions of the trial will only be separated by a short period of time, likely around a week, depending on the availability of the jurors and the Court's schedule.

**IT IS SO ORDERED.**


s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 4, 2015

Dated: January 14, 2015

Agreed and stipulated by:


  s/ Matthew J. Cavanagh

David B. Cupar
Matthew J. Cavanagh
Timothy J. Lowe
McDonald Hopkins LLC
39533 Woodward Ave., Ste. 318
Bloomfield Hills, MI 48304
t 248.220.1352 │ f 248.646.5075
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com
tlowe@mcdonaldhopkins.com


*Counsel for Cequent
Performance Products, Inc.*

  s/ Scott R. Brown

Scott R. Brown
Hovey Williams LLP
10801 Mastin Blvd., Ste. 1000
84 Corporate Woods
Overland Park, KS 6210
t 913.232.5044 │ f 913.647.9057
sbrown@hoveywilliams.com

and

Steven M. Ribiat
Brooks Wilkins
Sharkey & Turco, PLLC
401 S. Old Woodward, Suite 400
Birmingham, MI 48009
t 248.971.1718 │ f 248.971.1801
ribiat@bwst-law.com

*Counsel for Hopkins Manufacturing
Corporation and
The Coast Distribution System, Inc.*

11

# EXHIBIT A

## CLAIM INTERPRETATION CHART

| Disputed Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction | Court's Construction |
|---|---|---|---|
| 1.      "Term 1" | | | |
| 2.      "Term 2" | | | |
| 3.      "Term 3" | | | |
| 4.      "Term 4" | | | |

{4986901:}