UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEQUENT PERFORMANCE
PRODUCTS, INC.,

    Plaintiff,                                          Case No. 13-cv-15293
                                                  Hon. Matthew F. Leitman

v.

HOPKINS MANUFACTURING
CORPORATION ET AL.,

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO STAY
PROCEEDINGS PENDING *INTER PARTES* REVIEWS (ECF #30)**

**INTRODUCTION**

      Defendants Hopkins Manufacturing Corporation and The Coast Distribution System, Inc. (collectively "Hopkins") have moved to stay all proceedings in this matter pending resolution of Hopkins' petitions for *inter partes* review of U.S. Patent Nos. 6,068,352, 6,012,780 and 6,445,993 (collectively "the IPRs") before the Patent Trial and Appeal Board (the "Board") of the United States Patent and Trademark Office (the "PTO"). (*See* the "Motion to Stay," ECF #30.) The issues in the Motion to Stay have been adequately presented in the parties' briefs and oral argument is therefore unnecessary. *See* Local Rule 7.1(f)(2). For the reasons set

1

forth below, the Court **GRANTS** the Motion to Stay and **STAYS** all proceedings until further order of the Court.

## RELEVANT FACTUAL BACKGROUND

On December 31, 2013, Plaintiff Cequent Performance Products, Inc. ("Cequent") filed a Complaint in this Court against Hopkins alleging infringement of U.S. Patent Nos. 6,068,352, 6,012,780 and 6,445,993 (collectively, the "patents-in-suit"). (*See* the "Complaint," ECF #1.) On March 13, 2014, Hopkins answered the Complaint and asserted a counterclaim, alleging invalidity and non-infringement of the patents in suit, as well as several defenses tied to Cequent's allegations of patent infringement. (*See* the "Answer," ECF #12.)

On October 1, 2014, on the stipulation of the parties, the Court ordered a stay of all proceedings so the parties could prepare for and attend mediation. (*See* ECF #26.) The mediation was held on December 3, 2014, but the parties were unable to resolve their dispute. (*See* ECF #28.) The Court thereafter lifted the stay and established a new discovery and trial schedule. (*See* ECF #29.)

Hopkins says that it began preparing the IPRs after the mediation. (*See* Declaration of Scott Brown, ECF #30-1 at ¶ 17; *see also* the IPRs at ECF ## 30-4, 30-5, and 30-6.) Hopkins filed the IPRs with the Board approximately seven weeks later on January 23, 2015, the last possible day to do so under applicable

federal law. *See* 35 U.S.C. § 315(b). Hopkins then filed the instant Motion to Stay with this Court on February 10, 2015. (*See* ECF #30.)

The IPRs challenged all of the claims then-identified in Cequent's infringement contentions, as well as some, but not all, of the remaining claims in the patents-in-suit. (*See* Declaration of Matthew Cavanagh, ECF #31-1 at ¶ 25.) On February 25, 2015, after Hopkins had filed the IPRs, Cequent served amended infringement contentions on Hopkins identifying twenty additional allegedly infringed claims. (*See* ECF #31-6.) Among these twenty additional claims are seven that Cequent contends are not challenged in the IPRs. (*See* Cavanaugh Decl. at ¶25.)

## **ANALYSIS**

District courts "have the broad discretion to determine whether a stay is appropriate" pending the conclusion of an *inter partes* review proceeding. *See*, *e.g.*, *Regents of Univ. of Mich. v. St. Jude Med., Inc.*, 2013 WL 2393340, *2 (E.D. Mich. May 31, 2013.) When reviewing the Motion to Stay, the Court considers three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Id*. (citing *Star Envirotech, Inc. v. Redline Detection, LLC*, 2013 WL 1716068, *1 (C.D. Cal. Apr. 3, 2013)); *see also Dura Global*

3

*Techs, LLC v. Magna Int'l Inc.*, 2011 WL 5039883 (E.D. Mich. Oct. 24, 2011). All three factors favor granting the Motion to Stay.

**A.   First Factor: Whether Discovery is Complete and Whether a Trial Date Has Been Set**

The first factor that the Court considers when considering the Motion to Stay is whether discovery is complete and whether a trial date has been set. This factor recognizes that granting a stay early in the case preserves judicial resources and saves the parties time and money.

The Court concludes that this factor weighs in favor of staying this action because the case is in a relatively early stage of litigation. Although fact discovery first commenced on March 31, 2014 (*see* ECF #29), this case was then stayed for nearly four months so that the parties could conduct a full mediation.

While Cequent argues that the parties have already spent meaningful time and effort in this case, there is still a significant amount of work ahead of the parties and the Court. Fact discovery, although commenced, will not be completed until September 30, 2015. (*See* ECF #29.) It does not appear that either party has begun expert discovery. Nor have depositions been taken or even noticed. (*See* Brown Decl. at ¶ 5.) And although the parties have made initial identifications of disputed claim terms, they have neither exchanged proposed claim interpretations nor filed any briefing on claim construction. Indeed, the parties have not yet filed any substantial motions, such as motions for summary judgment. Moreover, the

4

Court's first primary involvement in this matter will not take place until the *Markman* hearing, which is scheduled for July 27, 2015, nearly four months from now.  Finally, the trial is set for April 12, 2016, over fourteen months from when Hopkins filed the instant Motion to Stay.  (*See* ECF #29.)  Accordingly, the Court finds that because this action is still in its early stages, the first factor favors granting the Motion to Stay.

**B.     Second Factor: Whether a Stay Will Simplify the Issues in Question and Trial of This Case**

The second factor that the Court considers is whether a stay will simplify the issues in the case and/or make the case more efficient for the court and the parties. In some cases, an IPR challenging all asserted claims can "dispose of the entire litigation: the ultimate simplification of issues." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014).  However, "an IPR review need not dispose of a case completely to simplify the issues of a case." *Service Solutions U.S. LLC v. Autel. US Inc.,* 2015 WL 401009, *3 (E.D. Mich. Jan. 28, 2015) (granting motion to stay pending IPR process).

Cequent argues that the IPRs will not simplify the issues in this case enough to justify a stay because there are seven asserted claims in its amended infringement contentions that are not challenged in the IPRs, and because the IPRs will not resolve those of Hopkins' defenses that cannot be raised before the Board under 35 U.S.C. § 311(b).  (*See* Cequent Br., ECF #31.)  Hopkins counters that

5

once the IPRs are instituted, it intends to join the remaining seven asserted claims under a recent Board decision establishing that petitioners may join issues to their own instituted IPRs. (*See* ECF #35-3.)

The Court finds that a stay pending the IPRs could simplify the issues in this case, and therefore this factor favors granting the requested stay. The currently-constructed IPRs – which may be amended – concern all three patents-in-suit, and challenge all but seven (and potentially all, if amendment is allowed) of the asserted claims. The IPRs could thus eliminate the need for discovery, *Markman* proceedings and trial on any cancelled claims. Moreover, the Board's expert analysis on any surviving claims may provide guidance to the Court and could simplify the issues in this case. *See*, *e.g.*, *Service Solutions*, 2015 WL 401009 at *2. "Here, a stay pending the IPR would avoid potentially wasteful discovery while narrowing the claims and defenses in the case. For these reasons, the Court finds that a stay will help simplify the case." *Id.*

C.  **Third Factor: Whether a Stay Would Unduly Prejudice or Present a Clear Tactical Disadvantage to Cequent**

The final factor the Courts considers is whether a stay will unduly prejudice or present a clear tactical advantage to the non-moving party.

Cequent argues that since it directly competes with Hopkins, the delay of a stay pending the IPRs could cause Cequent irreparable loss of market share and goodwill. (*See* Cequent Br., ECF #31.) Cequent also argues that Hopkins sought a

tactical advantage when it filed the IPRs on the last possible day under 35 U.S.C. § 315(b). (*See id.*) Hopkins responds that a stay pending the IPRs will not unduly prejudice Cequent because a stay will not diminish Cequent's alleged monetary damages, and it denies that it sought any tactical advantage in connection with the timing of the IPRs. (*See* Hopkins Br., ECF #30.)

The Court recognizes that courts "routinely deny requests for stays where parties are," as here, "direct competitors." *See Everlight Electronics Co. Ltd. v. Nichia Corp.*, 2013 WL 1821512 at *8 (E.D.Mich. Apr. 30, 2013). However, Cequent's delay in filing this action contradicts its position that it would be unduly prejudiced by the additional delay of a stay. The patents-in-suit issued between 2000 and 2002, and as revealed during conferences with the Court, Hopkins' accused products had been in direct competition with Cequent's products for years before Cequent filed its Complaint.

The Court further concludes that a stay will not present a clear tactical disadvantage to Cequent. Cequent's arguments to the contrary emphasize the supposedly suspicious timing of the IPRs. However, Cequent has failed to establish a sufficient dilatory motive on the part of Hopkins to justify denying the Motion to Stay.

Finally, even if Cequent's status as a direct competitor to Hopkins weighed against granting a stay, it is only one fact the Court must consider in its analysis.

For all the reasons stated above, when the Court views all of the relevant facts in their totality, the Court concludes a stay is warranted.

## CONCLUSION

After carefully considering the foregoing factors and the parties' positions, **IT IS HEREBY ORDERED** that the Hopkins' Motion to Stay (ECF #30) is **GRANTED**. This action is **STAYED** until further order of the Court. The parties are further **ORDERED**, for each IPR, to file a joint status report with this Court informing the Court of the Board's determination on institution under 35 U.S.C. § 314 no later than seven (7) days after the Board's determination. After a determination on institution has been made for all three IPRs, if any are not instituted, the parties shall request a status conference with the Court or the Court's Special Master to discuss re-establishing a schedule for this matter.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 1, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 1, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113