UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEQUENT PERFORMANCE
PRODUCTS, INC.,

    Plaintiff,                                              Case No. 13-cv-15293
                                                                Hon. Matthew F. Leitman

v.

HOPKINS MANUFACTURING
CORPORATION *et al.*.,

    Defendants.

_____/

**ORDER GRANTING PLAINTIFF CEQUENT PERFORMANCE
PRODUCTS, INC.'S MOTION TO LIFT STAY (ECF #37) AND
LIFTING STAY OF PROCEEDINGS**

On April 1, 2015, the Court stayed all proceedings in this action given pending *inter partes review* proceedings before the United States Patent and Trademark Office (the "USPTO"). (*See* ECF #36.) The Court issued the stay because the USPTO proceedings had the potential to resolve the validity of most of the claims in the patents-in-suit. (*See id.*)

The USPTO has now refused to institute *inter partes review* with respect to two of the patents and agreed to hold *inter partes review* proceedings on only a limited number of claims related to the third patent. Plaintiff Cequent Performance Products, Inc. ("Cequent") argues that based on the USPTO's decisions, the Court should lift the stay in this action (the "Motion"). (*See* ECF #37.) The issues in the

1

Motion have been adequately presented in the parties' briefs and oral argument is therefore unnecessary.  *See* Local Rule 7.1(f)(2).  For the reasons set forth below, the Court agrees with Cequent, **GRANTS** the Motion, and **LIFTS** the stay of proceedings.

In the Motion, Cequent asserts that the Court should dissolve the stay because the USPTO entirely refused to institute *inter partes review* proceedings on two of the patents (the '780 and '352 Patents) and refused to institute an *inter partes review* proceeding on nine claims related to the third patent (the '993 Patent).  (*See* Mot., ECF #37 at 2-3, Pg. ID 725-726.)  In response, Defendant Hopkins Manufacturing Corporation ("Hopkins") argues that lifting the stay is premature because it has requested rehearing of the USPTO's decision with respect to the '352 and '993 Patents.  (*See* Response Br., ECF #38 at 3, Pg. ID 793.)  Hopkins also contends that the Court should maintain the stay because the USPTO has decided to institute *inter partes review* on 12 claims of the '993 Patent.  (*See id.* at 5-6, Pg. ID 795-796.)  Hopkins insists that the USPTO's decision on the '993 Patent could still simplify the issues in this action.  (*See id.*)

The Court concludes that its reason for instituting the stay – the potential that the *inter partes review* proceedings could materially simplify the dispute currently before the Court – no longer exists.  First, after the parties submitted their briefs on the Motion, the USPTO denied Hopkins' requests for rehearing with

respect to the '352 and '993 Patents.  Therefore, there is no chance that *inter partes review* will simplify these proceedings with respect to those patents.  Second, the single *inter partes review* proceeding still pending concerns only 12 of the 48 asserted patent claims as to the '993 Patent.  The discovery in this action will likely be substantially be the same no matter the outcome in the pending *inter partes review* of the '993 Patent because the same brake controllers are accused of infringing the '780 and '352 Patents.  Moreover, the USPTO will almost certainly make its final decision in the pending *inter partes review* proceeding before this Court decides dispositive motions, thereby preventing a waste of judicial resources.  Accordingly, the Court does not believe that the *inter partes review* with respect to the '993 Patent will materially simplify these proceedings.

## CONCLUSION

After carefully considering the parties' positions**, IT IS HEREBY ORDERED** that Cequent's "Motion to Lift Stay (ECF #37) is **GRANTED**.  **IT IS FURTHER ORDERED** that within 10 days of this Order, the parties shall contact the Court's Special Master Christopher G. Darrow to discuss a schedule for this case.

                                        s/Matthew F. Leitman
                                        MATTHEW F. LEITMAN
                                        UNITED STATES DISTRICT JUDGE

Dated:  November 13, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 13, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113
