UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CEQUENT PERFORMANCE PRODUCTS, INC., | Case No. 13-cv-15293 |
| | Hon. Matthew F. Leitman |
| Plaintiff, | |
| v. | |
| HOPKINS MANUFACTURING CORPORATION ET AL., | |
| Defendants. | |

## **STIPULATED SCHEDULING ORDER**

Having reviewed the parties' Proposed Scheduling Order following the lift of stay, the Court ORDERS as follows.

## **DISCOVERY SCHEDULE**

**A.    FACT DISCOVERY**

Fact discovery commenced on **March 31, 2014**, and shall end on **October 7, 2016**. Discovery must be served sufficiently in advance of the discovery cutoff so as to allow the opposing party sufficient time to respond under the Federal Rules of Civil Procedure prior to the close of discovery.

**B.     RULE 26(a)(1) INITIAL DISCLOSURES**

The parties have exchanged the initial discovery disclosures required by Rule 26(a)(1) by **April 21, 2014**.

**C.     DEADLINE TO ADD PARTIES**

The deadline for adding parties or amending the pleadings was **August 22, 2014**.

**D.     DISCLOSURE OF INFRINGEMENT CONTENTIONS**

The patentee served infringement contentions by **May 7, 2014**, and amended those contentions on **February 25, 2015**. By **January 22, 2016**, the patentee must serve its Preliminary Election of Asserted Claims identifying no more than ten claims of each asserted patent on which it will proceed. By no later than **March 7, 2016**, the patentee must serve supplemental contention charts, based on its then present knowledge of the accused product, identifying (i) specifically where each limitation of each asserted patent claim is found within each accused product, including for each limitation that such party contends is governed by 35 U.S.C. § 112 ¶ 6, the identity of the structure(s), act(s), or materials(s) in the accused product that performs the claimed function; and (ii) whether each claim limitation of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the accused product.

### E. DISCLOSURE OF INVALIDITY CONTENTIONS

By **February 15, 2016**, any party asserting invalidity or unenforceability claims/defenses must serve amended disclosures containing the following:

1. Each item of prior art that forms the basis for any allegation of invalidity by reason of anticipation under 35 U.S.C. § 102 or obviousness under 35 U.S.C. § 103. For prior art that is a document, a copy of the document should be provided to the patentee's counsel or be identified by Bates Number if it was previously produced. As to prior art that is not documentary in nature, such prior art shall be identified with particularity (by "who, what, when, and where" etc.) as to publication date, sale date, use date, source, ownership, inventorship, conception and any other pertinent information. Defendants may not assert more than 12 prior art references against a patent.

2. Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items or prior art makes a claim obvious, each such combination, and the reason why a person of ordinary skill in the art would combine such items must be identified.

3. A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each claim limitation that such party is governed by 35 U.S.C. § 112 ¶ 6, the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

4. For any grounds of invalidity based on 35 U.S.C. § 112 or other defenses, the party asserting the claim or defense shall provide its reasons and evidence why the claims are invalid or the patent unenforceable and make specific reference to relevant portions of the patent specification and/or claims. Such positions shall be made in good faith and not simply *pro forma* arguments.

F. **NON-INFRINGEMENT CONTENTIONS**

By **March 21, 2016**, defendants shall serve supplemental non-infringement contentions, which shall explain the factual basis for any allegation that it does not infringe the patents-in-suit either literally or under the doctrine of equivalents, including identifying what claim limitations that it believes are not present in the accused products and why an equivalent is not present.

### G. DEADLINE FOR AMENDING INFRINGEMENT, NON-INFRINGEMENT, AND INVALIDITY CONTENTIONS

Each party shall seasonably amend any infringement, invalidity, or non-infringement contention in accordance with Rule 26(e) of the Federal Rules of Civil Procedure upon learning that the contention is incomplete or incorrect. The parties should timely conduct discovery so that these contentions can be updated as soon as possible. Any amendment to a party's infringement, invalidity, or non-infringement contentions, or other pleading, that is necessary due to the Court's claim interpretation ruling, must be timely made but in no event later than one month after the Court's claim construction ruling.

Within 14 days of the Court's claim construction ruling, the parties shall meet and confer with the Special Master to discuss further narrowing the number of prior art references and patent claims to present at trial, which claims shall be selected from the ten previously identified claims in the patentee's Preliminary Election of Asserted Claims.

### H. CLAIM CONSTRUCTION PROCEEDINGS

Pursuant to the decision of *Markman v. Westview Instruments, Inc.*, 116 S. Ct. 1384 (1996), the following procedures will be followed for resolution of claim construction issues in this case.

1. INITIAL IDENTIFICATION OF DISPUTED CLAIM TERMS – The parties will confer to determine what claim terms may need to be interpreted by the Court by **March 14, 2016**.

2. PROPOSED INTERPRETATIONS – On or before **April 1, 2016**, the parties shall exchange, but not file, a chart or table that lists for each disputed claim term the party's proposed interpretation of the disputed claim term along with citations to the intrinsic and extrinsic evidence (e.g., patent, prosecution history, dictionary definitions, etc.) that supports its interpretation along with a summary of any testimony that is expected to be offered to support that interpretation.

3. FINAL IDENTIFICATION OF DISPUTED CLAIM TERMS – Within one week after exchanging the claim chart above, the parties shall confer again about the claim terms in dispute. At this meeting, the parties shall attempt to narrow and finalize the claim terms that need to be interpreted by the Court. If, at any time, the parties determine that a claim construction hearing is not necessary, they shall notify the Court in a timely matter. The parties shall set forth separately the construction of those claim terms on which the parties agree.

4. TECHNOLOGY TUTORIAL – The Court will hold an informal conference with the attorneys on **April 20, 2016 at 2:00 p.m.** At the conference, the attorneys for each side will explain the technology at issue in the litigation. The conference will not be recorded. At this conference, the parties shall inform the Court of how many claim terms they propose that the Court interpret. The Court may limit the number of terms that will be interpreted at an initial Markman hearing.

5. PLAINTIFF'S OPENING CLAIM CONSTRUCTION BRIEF – Plaintiff(s) shall file its opening claim construction by **April 29, 2016**.

6. DEFENDANT'S RESPONSE BRIEF – Defendant(s) shall file any responsive claim construction brief by **May 27, 2016**.

7. DRAFT OF PLAINTIFF'S REPLY BRIEF – To the extent that Plaintiff intends to file a reply brief on claim construction issues, Plaintiff(s) shall serve, but not file, a good-faith draft of its intended reply brief on opposing counsel within 14 days of the filing of Defendant's response brief. Plaintiff shall prepare and serve within this time period a draft four-column claim interpretation chart in the form of Exhibit A.

8. MEET AND CONFER – Within <u>two weeks</u> from service of the DRAFT OF PLAINTIFF'S REPLY BRIEF, or the time that service would have been due if Plaintiff does not file a reply brief, principal counsel for both parties shall have a conference to discuss the parties' legal theories and proposed claim interpretations in an effort to narrow the disputes and arguments that the Court must resolve.

9. FILING OF FINAL VERSION OF REPLY BRIEF AND CLAIM CHART – Within <u>one week</u> of the MEET AND CONFER, Plaintiff shall file with the Court and serve on opposing counsel the final versions of its reply brief and the claim chart in the form of Exhibit A. Plaintiff shall set forth in its reply brief any previous claim interpretation disputes that the parties have resolved in the MEET AND CONFER. Plaintiff shall also submit an editable copy of the final version of the claim chart to the Court via email as a proposed order through the Court's electronic filing system.

10. CLAIM CONSTRUCTION HEARING – The Court will conduct a claim interpretation hearing on **August 1, 2016 at 9:30 a.m.**

**I.    EXPERT DISCOVERY**

1. Each party shall serve expert reports as required by Rule 26(a)(2), on issues where that party bears the burden of proof, <u>within 30 calendar days of Markman decision</u>; on issues where a party does not bear the burden of proof, rebuttal expert reports are due <u>within 1 month of principal expert reports</u>.

2. All expert discovery shall commence so as to be completed <u>within 60 calendar days of the rebuttal expert reports</u>.

**J.    MOTIONS**

1. All dispositive motions shall be filed within <u>1 month after the deadline for expert discovery</u>.

2. All motions in limine shall be filed on or before **June 16, 2017**.

**K.    PRETRIAL**

1. The Parties will file Rule 26(a)(3) Pretrial Disclosures by **May 10, 2017.**

2. The Parties will file proposed preliminary and final jury instructions on or before **June 12, 2017**.

3. The parties will file a Joint Final Pretrial Statement pursuant to Local Rule 16.2 on or before **June 26, 2017**.

4. A Final Pretrial Conference will be held pursuant to Local Rule 16.1 on **July 10, 2017 at 2:00 p.m.** At the conference, the Court will discuss the number of claims that the Court will present to a jury.

M. **TRIAL**

Trial will begin on **July 24, 2017 at 9:00 a.m.** The trial of the liability portion of the case will normally be bifurcated from the damages portion. If the jury finds liability, the Court will continue the trial to the damages issues before the same jury. The liability and damages portions of the trial will only be separated by a short period of time, likely around a week, depending on the availability of the jurors and the Court's schedule.

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 8, 2016

Dated: January 26, 2016          Agreed and stipulated by:

| | |
|---|---|
|   s/ Matthew J. Cavanagh   |   s/ Scott R. Brown   |
| David B. Cupar | Scott R. Brown |
| Matthew J. Cavanagh | Hovey Williams LLP |
| Timothy J. Lowe | 10801 Mastin Blvd., Ste. 1000 |
| McDonald Hopkins LLC | 84 Corporate Woods |
| 39533 Woodward Ave., Ste. 318 | Overland Park, KS 6210 |
| Bloomfield Hills, MI 48304 | t 913.232.5044 │ f 913.647.9057 |
| t 248.220.1352 │ f 248.646.5075 | sbrown@hoveywilliams.com |
| dcupar@mcdonaldhopkins.com | |
| mcavanagh@mcdonaldhopkins.com | and |
| tlowe@mcdonaldhopkins.com | |
| | Steven M. Ribiat |
| *Counsel for Cequent* | Brooks Wilkins |
| *Performance Products, Inc.* | Sharkey & Turco, PLLC |
| | 401 S. Old Woodward, Suite 400 |
| | Birmingham, MI 48009 |
| | t 248.971.1718 │ f 248.971.1801 |
| | ribiat@bwst-law.com |
| | |
| | *Counsel for Hopkins Manufacturing* |
| | *Corporation and* |
| | *The Coast Distribution System, Inc.* |

{5916757:}          11

# EXHIBIT A

# CLAIM INTERPRETATION CHART

| Disputed Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction | Court's Construction |
|---|---|---|---|
| 1. "Term 1" | | | |
| 2. "Term 2" | | | |
| 3. "Term 3" | | | |
| 4. "Term 4" | | | |