# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Cequent Performance Products, Inc.,

    Plaintiff,

v.

Hopkins Manufacturing Corporation,

    and

The Coast Distribution Systems, Inc.,

    Defendants.

Case No. 2:13-cv-15293

Honorable Matthew F. Leitman

Jury Trial Demanded

## DEFENDANT HOPKINS MANUFACTURING CORPORATION'S SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL

Plaintiff filed its opening Claim Construction Brief on June 15, 2016. In the publicly filed version of the brief, portions of three lines of text have been redacted. *See* Doc. 42 at 32. These lines contain a direct quote from Defendant Hopkins Manufacturing Corporation's Second Supplemental Noninfringement Contentions, which Hopkins appropriately designated "ATTORNEYS EYES ONLY" under the Stipulated Protective Order. *See Doc.* 22 at 2–4, ¶ 2.

On the same day it filed its brief, Plaintiff moved to file under seal an unredacted version of the brief along with a copy of Hopkins's contentions, which were attached to the brief as Exhibit F. *See* Doc. 44.

1

On June 30, Plaintiff's counsel advised Hopkins that the Court is considering denying Plaintiff's motion to seal based on the Sixth Circuit's recent decision in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, --- F.3d ----, 2016 WL 3163073 (6th Cir. 2016). *See* Exhibit A, attached. Hopkins opposes unsealing its noninfringement contentions and the three redacted lines of Plaintiff's brief.

The Protective Order permits the parties to designate sensitive discovery materials as either "CONFIDENTIAL" or "ATTORNEYS [*sic*] EYES ONLY." A party may designate documents as ATTORNEYS EYES ONLY

> upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as trade secrets or other highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the designating party.

Doc. 22 at 4–5 ¶ 4. As Plaintiff noted in its motion, the Protective Order requires CONFIDENTIAL and ATTORNEYS EYES ONLY material to be filed under seal and remain sealed until the Court's further order. Doc. 44 at 2 (quoting Doc. 22 at 13 ¶ 7.)

As set forth in the accompanying Declaration of Gary Kaminski, Hopkins designated its infringement contentions as ATTORNEYS EYES ONLY after making the requisite good-faith determination that they contain trade secrets and

other highly sensitive business information regarding the algorithm and circuitry used in Hopkins's electronic brake controllers. *See* Exhibit B, attached, ¶¶ 4-6. The infringement contentions go into extensive detail regarding the controllers' internal operations and why they do not infringe the patents-in-suit. And the redacted sentence in Plaintiff's brief also refers to non-public information in the infringement contentions that describes a part of Hopkins's trade-secret software algorithm employed by Hopkins's products. *See id.* ¶ 7.

In patent-infringement cases, district courts have ordered the parties' infringement and non-infringement contentions sealed when they contain proprietary trade secrets. *See, e.g.*, *Joao Bock Transaction Sys., LLC v. Fid. Nat'l Info. Servs., Inc.*, No. 3:13-CV-223-J-32JRK, 2014 WL 279656, at *1 (M.D. Fla. Jan. 24, 2014) ("[T]he Court find that these materials likely contain, among other things, trade secret information regarding the design, development, and security of the accused banking software products."). This protection extends to motions that quote from sealed infringement contentions. *See, e.g.*, *Mediatek Inc. v. Freescale Semiconductor, Inc.*, No. 11-CV-5341 YGR, 2013 WL 10996547, at *1 (N.D. Cal. May 10, 2013) ("The Court finds that Freescale has made an adequate showing of good cause to seal in connection with this non-dispositive motion. Patrick Declaration explains that the unit sales data therein is confidential and arguably trade secret information appropriate for sealing. As a result the motion is Granted.

Mediatek may redact from the publicly-filed versions of these documents: (1) the portions of its corrected reply brief at page 11:15–18 and 11:25–28; and (2) the portions of the corrected Franklin Declaration at pages 2:25–3:2.")

The Sixth Circuit has long recognized that, while "[t]he public has a strong interest in obtaining the information contained in the court record," a district court may seal records when "public access would reveal legitimate trade secrets, a recognized exception to the right of public access to judicial records." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983). Accordingly, judges of this Court have ordered trade-secret information to be filed under seal. *E.g.*, *Dura Global Techs., Inc. v. Magna Donnelly, Corp.*, No. CIV. A. 07-CV-10945, 2007 WL 4303294, at *5–*6 (E.D. Mich. Dec. 6, 2007).

*Shane Group* does not compel a different result in this case. *Shane Group* was a class action involving price-fixing allegations against Michigan's largest health insurer, in which the district court sealed "most of the parties' substantive filings from public view, including nearly 200 exhibits and an expert report upon which the parties based a settlement agreement" affecting the rights of "millions of citizens." 2016 WL 3163073, at *1. Class members who sought to examine the court record or the bases for the settlement agreement found most of the key documents either heavily redacted or completely sealed. *Id.* at *2. Because of the extent of the sealing, the class and the general public could only obtain

"fragmentary information" about the insurer's conduct and "next to nothing about the bases of the settlement itself." *Id.* at *4. The appellate court vacated all of the district court's orders sealing the record because they prevented class members from "participat[ing] meaningfully" in the class-settlement process. *Id.* at *6, *8.

While the public has a general interest in access to pleadings in a patent-infringement case, the sealing of one exhibit and three lines of a claim-construction brief in this case does not implicate the public interest to anything approaching the same degree as the indiscriminate sealing of the docket in the *Shane Group* class action. Here, the Court has struck the correct balance between the parties' interest in keeping their confidential and trade-secret information out of the public eye and the public's right of access by requiring contentions to be served rather than filed. *See* Doc. 41 at 2–4. The sealing of Exhibit F and the three lines that quote from it in Plaintiff's brief maintains this balance. Anyone logging on to the ECF system will have unfettered access to all but those three lines of text and that single exhibit if the sealing motion is granted. There is no risk that granting the motion will leave the public with only "fragmentary" information or prevent the meaningful participation in this litigation of any party with a legitimate interest.

By contrast, unsealing Hopkins's noninfringement contentions and Plaintiff's quotation from them will expose Hopkins to competitive harm if descriptions of its trade-secret algorithm become public. *See* Exhibit B, ¶¶ 7-8. The

5

only reason a non-party to this case would want to access the information sought to be sealed would be to enjoy the fruits of Hopkins's ingenuity, to the injury of Hopkins's competitive standing. Thus, there is no legitimate public interest warranting access to an unredacted version of Plaintiff's claim-construction brief.

The filing of a publicly accessible 47-page claim-construction brief with a mere three lines kept from the public's view properly balances the public's interest in open access to this Court's records with Hopkins's interest in protecting its trade secrets and competitive standing. The Court should grant Plaintiff's motion to seal.

                                          Respectfully Submitted,

July 7, 2016                    /s **Scott R. Brown**
                                          Scott R. Brown, *pro hac vice*
                                          Matthew B. Walters, *pro hac vice*
                                          Todd A. Gangel, *pro hac vice*
                                          HOVEY WILLIAMS LLP
                                          10801 Mastin Boulevard, Suite 1000
                                          Overland Park, Kansas 66210
                                          (913) 647-9050  Fax: (913) 647-9057
                                          sbrown@hoveywilliams.com
                                          mwalters@hoveywilliams.com
                                          tgangel@hoveywilliams.com

                                          Steven M. Ribiat, No. 45161
                                          BROOKS WILKINS SHARKEY & TURCO, PLLC
                                          401 South Old Woodward, Suite 400
                                          Birmingham, Michigan 48009
                                          (248) 971-1800  Fax: (248) 971-1801
                                          ribiat@bwst-law.com

                                          ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I certify that on July 7, 2016, the foregoing Supplemental Brief in Support of Plaintiff's Motion to Seal was filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all registered counsel of record.

s/ ***Scott R. Brown***
*Attorney for Defendants*
