## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Cequent Performance Products, Inc.,

          Plaintiff,

     v.

Hopkins Manufacturing Corporation,

    and

The Coast Distribution Systems, Inc.,

         Defendants.

Case No. 2:13-cv-15293

Honorable Matthew F. Leitman

Jury Trial Demanded

### DEFENDANTS' *EX PARTE* MOTION FOR LEAVE TO FILE RESPONSIVE CLAIM CONSTRUCTION BRIEF IN EXCESS 25 PAGES

Pursuant to Local Rule 7.1(d), Defendants Hopkins Manufacturing Corporation and The Coast Distribution Systems, Inc. ("Defendants") apply *ex parte* for leave to exceed the standard 25-page limit and to file a 55-page Responsive Claim Construction Brief. On June 15, 2016, Plaintiff filed its Opening Claim Construction Brief totaling 43 pages (D.N. 42). Defendants did not object to Plaintiff's motion to exceed the 25-page limit, which the Court granted on June 17, 2016 by text order. Plaintiff's opening brief cites some, but not all, evidence relevant to construing the ten claim terms presently before the Court.

Defendants request the additional pages to adequately address and respond to the information presented in Plaintiff's opening brief. The additional pages are

1

necessary because i) ten claim terms presently require construction from three patents-in-suit; ii) each of the three patents-in-suit relates to electrical engineering concepts and their application in a brake controller; iii) none of the patents-in-suit share a common specification, thus, necessitating explanation of distinct concepts and different disclosures in each of the three patents-in-suit; iv) Defendants present expert testimony (of which Plaintiff presents none); v) Defendants address prosecution-history arguments that are unaddressed by Plaintiff; and vi) Defendants explain to the Court an important change to claim construction law unaddressed by Plaintiff. Moreover, this is Defendants' *only* brief permitted under the Court's schedule, whereas Plaintiff is entitled to a reply brief. Since Defendants carry the burden to establish invalidity of the patents-in-suit, *Microsoft Corp. v. i4i Limited Partnership*, 564 U.S. 91, 95 (2011), fairness militates in favor of granting Defendants additional pages for their claim construction brief.

Earlier drafts of Defendants' Responsive Claim Construction Brief exceeded 60 pages. But Defendants' counsel have, in good faith, minimized the page count to the best of their abilities, while maintaining the completeness of the arguments, to arrive at a 55-page final version of the brief.

For the reasons set forth above, Defendants seek leave of this Court to file a Responsive Claim Construction Brief of 55 pages in length. A proposed Order will be submitted using the utilities function of the Court's ECF system.

Respectfully Submitted,

July 22, 2016

/s ***Scott R. Brown***  _____
Scott R. Brown, *pro hac vice*
Matthew B. Walters, *pro hac vice*
Todd A. Gangel, *pro hac vice*
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
Overland Park, Kansas 66210
(913) 647-9050   Fax: (913) 647-9057
sbrown@hoveywilliams.com
mwalters@hoveywilliams.com
tgangel@hoveywilliams.com

Steven M. Ribiat, No. 45161
BROOKS WILKINS SHARKEY & TURCO, PLLC
401 South Old Woodward, Suite 400
Birmingham, Michigan 48009
(248) 971-1800   Fax: (248) 971-1801
ribiat@bwst-law.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that on July 22, 2016, the foregoing *ex parte* motion was filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all registered counsel of record.

s/ ***Scott R. Brown***  _____
*Attorney for Defendants*