# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Cequent Performance Products, Inc., | Case No. 2:13-cv-15293-MFL-PJK |
| Plaintiff, | |
| v. | Judge Matthew F. Leitman |
| Hopkins Manufacturing Corporation et al., | Magistrate Judge Paul J. Komives |
| Defendants. | |

## Cequent's Supplemental Claim Construction Brief

{6380293:3}

Cequent submits its supplemental brief as directed by the Court on the following two issues: (1) the meaning of "continuously" in claim 1 of the '780 patent; and (2) the effect of dependent claim 3 on independent claim 1 of the '993 patent as to the claim term "mounted with a range of operating positions."

## I. Continuously

### A. The Evidence Supports "Continuously" to Mean "Repeatedly" or "Without Interruption"

The parties actually agree that the term "continuously" means "repeatedly" or "without interruption." (*See* Exh. 1, Tr. at 191.) Here is the disagreement between the parties. When that term is used in the context of the "continuously proportioning" step, does it mean: (a) as Cequent proposes, when performing this step, the brake amperage output signal is adjusted (i.e., "proportions") repeatedly or without interruption (i.e., "continuously"); or (b) as Hopkins proposes, that this step must occur "the entire time trailer braking is desired."

A simple analogy shows the fatal flaw in Hopkins' position. In a method for baking a cake (which would be analogous to "method for controlling brakes on a trailer"), a recipe can provide "continuously mixing" flour with sugar and an egg (which would be analogous to "continuously proportioning"). Applying the parties' positions to this analogy, Cequent is stating that during this mixing step, a user would repeatedly mix those ingredients or do so without interruption. Hopkins, however, would argue that the word "continuously" means that mixing has to occur

"the entire time" you are baking, *i.e.*, unless you are mixing the ingredients while they are baking in the oven, you are not following the recipe. The point is simple: "continuously" says *what* you are performing without interruption (*e.g.*, mixing or proportioning) but does not require *duration* as argued by Hopkins (*e.g.*, mixing has to occur "the entire time" baking (or "braking") "is desired").

The intrinsic evidence supports Cequent's position. The specification states that

> The strength of the brake amperage output signal is, however, *modified* by the sensed inclination of the towing vehicle. Accordingly, the normal brake amperage output signal for level terrain operation is *modified* and increased when downhill inclination is sensed and reduced when uphill inclination is sensed. As a result the system of the present invention, provides full and effective real time compensation for road grade conditions.

('780 Patent, col. 4, ll. 17-25 (emphasis added).). In other words, the brake controller repeatedly proportions or "modifies" the brake amperage output signal based on real world conditions.

The specification equally makes clear that this repeatedly proportioning does not have to occur for the duration of "the entire time trailer braking is desired" as argued by Hopkins. As set forth in Cequent's briefing, the specification identifies that continuous proportioning can end in the middle of braking when: (1) the user presses the override switch; or (2) the brakes lock and the controller uses a step-down braking step. (ECF #53, at pp. 23-24.) These preferred embodiments show

that "continuously proportioning" does not have to occur "the entire time trailer braking is desired" as argued by Hopkins. Therefore, claim 1 does not limit the "continuous proportioning" to any specific duration, but rather identifies that when proportioning the brake amperage output signal occurs, it is performed repeatedly based on the inclination and deceleration signals.

The prosecution history also does not require a duration for the "continuously proportioning" as argued by Hopkins. (Exh. 2, '780 Pros. Hist. at 103.) The USPTO initially rejected the claims based on U.S. Patent No. 5,333,948 to Austin. Cequent responded that Austin took a *single* reading then selected a pre-set braking curve based on that reading. Austin, however, did not *repeatedly*—or "continuously"—take inclination/deceleration readings and adjust (*i.e.* "proportion") the braking signal as recited in the claims. (*Id*.)[1] Significantly, neither the USPTO nor Cequent argued about the duration of "continuously proportioning" but rather argued about *what* was going on when the brake controller proportioned.

The extrinsic evidence also supports "continuously" to mean repeatedly. For example, dictionaries define continuous as "repeatedly" or "uninterrupted":

---

[1] The patentee also used "continuously" and "continually" interchangeably to mean repeatedly and *not* "the entire time trailer braking" occurred. (*Id*.)

{6380293:3} 3

| Merriam-Webster (Online Dictionary)[2] ||
|---|---|
| **Continuously** | **Continual** |
| continuing without stopping: happening or existing without a break or interruption | 1: happening without interruption: not stopping or ending<br>2: happening again and again within short periods of time |
| **Dictionary.com** ||
| **Continuously** | **Continually** |
| 1. uninterrupted in time; without cessation:<br>*continuous coughing during the concert.*<br>2. being in immediate connection or spatial relationship:<br>*continuous series of blasts; a continuous row of warehouses.* | 1. very often; at regular or frequent intervals; habitually.<br>2. without cessation or intermission; unceasingly; always. |

(Attached as Exh. 3-4).

Courts also consistently interpret "continuously" as repeatedly or without interruption. *See e.g.*, *Visicu, Inc. v. Imdsoft, Ltd. et al.*, No. 07-04562, 2009 WL 1291330, at *11 (E.D. PA, May 7, 2009) (continuous means performed repeatedly and automatically), *Nissim Corp. v. Clearplay, Inc.*, No. 04-21140, 2005 WL 6220714, at *3 (S.D. Fla. Mar. 7, 2005) (continuous means in an uninterrupted sequence), *Lucent Techs., Inc. v. Microsoft Corp.*, No. 06-0684 (CAB), 2007 WL 5734821, at *11 (S.D. Cal. Nov. 13, 2007) (continuously means without interruption), *Respironics, Inc. v. Invacare Corp.*, No. CIV.A. 04-0336, 2006 WL 2540783, at *9 (W.D. Pa. Aug. 31, 2006), aff'd on other grounds, rev'd on other grounds, 303 F. App'x 865 (Fed. Cir. 2008) (continually means without

---

[2] This dictionary also list "continuous" and "continually" as synonyms.

interruption), *FlatWorld Interactives LLC v. Samsung Elecs. Co.*, No. 12-804-LPS, 2014 WL 7464143, at *4 (D. Del. Dec. 31, 2014) (same).[3] While courts find "continuously" to refer to a loop, courts do <u>not</u> interpret such a term to mean duration. Indeed, the one time a court interpreted duration into the claim was because of the words around the word "continuous" that connoted duration. *Serv. Reminder, LLC v. Volkswagen Grp. of Am., Inc.*, No. 10-12201, 2011 WL 4576279, at *3 (E.D. Mich. Sept. 29, 2011 ("period of continuous operating time" identifies a period of time that has elapsed from the time the vehicle ignition is turned on until it is turned off.)

Hopkins' own proposal belies its "entire time" argument. Its proposal substitutes "calculating" for "proportioning," and substitutes "continuous" for "continuously." (*See* Hopkins Claim Construction Brief, ECF #47, at p. 19.) Here is the problem: Hopkins' proposal further adds "the entire time trailer braking is desired." (*Id*.) This highlights that the "entire time trailer braking is desired" phrase does not define "continuously proportioning" but rather improperly attempts to limit it. The following example shows this point:

> ***Claim 1***: Continuously proportioning said brake amperage output signal…
>
> ***Hopkins***: Calculating a continuous [*the entire time trailer braking is desired*] amperage of the output signal…

---

[3] Cequent attaches these cases as exhibits with relevant portions highlighted.

{6380293:3} 5

The fact that Hopkins' proposed "entire time" wording can be added into the "continuously proportioning" step without defining any of the words highlights the fact that its proposal does not define—but rather limits—that claimed step.

## II. Range of Operating Positions

### A. Dependent Claims do not Limit Independent Claims

A dependent claim refers "back to and further limit[s]" a parent claim so that the parent claim must be broader. 37 C.F.R. 1.75. This is known as the doctrine of claim differentiation: "the presence of a dependent claim that adds a particular limitation gives rise to a presumption that the limitation in question is not present in the independent claim." *See Phillips v. AWH Corp.,* at 415 F.3d 1312, 1315 (Fed. Cir. 2005) (en banc). For instance, if a hypothetical claim 1 reads – "A Car." And a hypothetical claim 2 reads, "The car of claim 1 where the car is blue." The conclusion is that claim 1 includes cars of other (or no) colors. If it did not, claim 2 would not "further limit" claim 1.

Applying the law here, claim 1 states that the brake controller automatically acquires the operating point when it is mounted in a range of different operating positions. Claim 3 further requires "an indication when the brake control unit is not mounted within the range of operating positions." There are two limitations recited in claim 3 that, by legal definition cannot be read into claim 1: (1) an indication; and (2) when the brake control unit is *not mounted* within the range of operating

positions. Put another way, claim 1 does not identify a limit to what the range is whereas narrower claim 3 does.

The only way to overcome the claim differentiation doctrine is by evidence of a prosecution disclaimer. *see Retractable Techs., Inc. v. Becton, Dickinson & Co.*, 653 F.3d 1296, 1305 (Fed. Cir. 2011) (holding that prosecution disclaimer may overcome claim differentiation); *see Cioffi v. Google, Inc.*, 632 F. App'x 1013, 1019 (Fed. Cir. 2015) (Fed. Cir. 2015) (lack of prosecution disclaimer could not overcome claim differentiation). Dispositively, Hopkins did not argue disclaimer. Because claim 1 is broader than claim 3, claim 3 is not evidence that claim 1 should be defined narrowly.

### B. Hopkins' Brake Controllers have a Range of Operating Positions

Further, determining the applicability of claim 3 into claim 1 is unnecessary. Hopkins' own instructions exemplify why. Hopkins identifies different ways for a user to mount the brake controller in an appropriate range of operating positions by different angles, including a vertical (pitch), horizontal (yaw), and roll angle:



(*See* Exh. 5, Agility Instruction Guide.) ▮▮▮

▮▮▮

▮▮▮
▮▮▮

▮▮▮
▮▮▮

▮▮▮ ▮▮▮
▮▮▮

▮▮▮

▮▮▮

▮▮▮

It is not necessary to interpret the "range of operating positions" ▮▮▮

▮▮▮

▮▮▮

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██ Because Hopkins' accused brake controllers are mounted within a range of operating positions, there is no need to determine the applicability of claim 3 into claim 1.

### III.  Conclusion

For the foregoing reasons, the Court should not issue any formal claim construction of any these terms or, in the alternative, adopt Cequent's proposals.

                                          Respectfully submitted,

Dated:   October 7, 2016           /s/ David B. Cupar
                                          David B. Cupar
                                          Matthew J. Cavanagh
                                          McDonald Hopkins LLC
                                          600 Superior Ave., East, Suite 2100
                                          Cleveland, Ohio 44114
                                          t 216.348.5400 │ f 216.348.5474
                                          dcupar@mcdonaldhopkins.com
                                          mcavanagh@mcdonaldhopkins.com

                                          *Counsel for*
                                          *Cequent Performance Products, Inc.*

## Certificate of Service

I hereby certify that on October 7, 2016, I electronically filed the foregoing paper with the Clerk of Court using the ECF system, which will send notification of such filing to all counsel of record, all of whom are registered ECF participants.

    /s/ David B. Cupar
*Counsel for*
*Cequent Performance Products, Inc.*

{6380293:3}