UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CEQUENT PERFORMANCE PRODUCTS, INC., <br> Plaintiff, <br> v. <br> HOPKINS MANUFACTURING CORPORATION, <br> Defendant. | Case No. 2:13-cv-15293-MFL-PJK <br><br> Judge Matthew F. Leitman <br><br> Magistrate Judge Paul J. Komives <br><br> Jury Trial Demanded |

### MOTION TO SEAL EXHIBITS TO HOPKINS'S MOTION TO STRIKE PORTIONS OF DR. MARTENS'S EXPERT REPORT

Pursuant to Local Rule 5.3 and Paragraph 7 of the Stipulated Protective Order (Doc. 22), Defendant, Hopkins Manufacturing Corporation, requests that the Court issue an order permitting Hopkins to file under seal four exhibits to its Motion to Strike portions of the expert report of Dr. Martens.

Paragraph 7 of the Stipulated Protective Order provides: "Any material designated for protection under this Order shall be filed under seal with the Court."

Exhibits 6, 9, and 10 to Hopkins' Motion to Strike Portions of Dr. Martens's Expert Report and Exclude Plaintiff's New Theory of Infringement are infringement claim charts prepared by Plaintiff. While Plaintiff did not designate the claim charts as "Confidential" or "Attorneys' Eyes Only" before serving them upon Hopkins, the claim charts quote and/or discuss in detail discovery materials that Hopkins designated "Confidential" or "Attorneys' Eyes Only" because they reveal

1

proprietary technical details regarding the operation of Hopkins's accused products. Accordingly, the full claim charts should be sealed in the Court's public record.

Exhibit 12, the Expert Report of Dr. John Martens, also was not designated as "Confidential" or "Attorneys' Eyes Only" before Cequent served it upon Hopkins. But like the claim charts in Exhibits 6, 9, and 10, Dr. Martens's report also quotes and discusses in detail Hopkins's discovery materials that reveal proprietary technical details regarding the operation of Hopkins's accused products. Because the underlying materials were previously and properly designated "Confidential" or "Attorneys' Eyes Only," the full expert report should be sealed in the Court's public record.

Hopkins will file publicly available versions of Exhibits 6, 9, 10, and 12 with Confidential and Attorneys' Eyes Only materials redacted. Hopkins believes that only the unredacted portions of Exhibits 6, 9, 10, and 12 are germane to the narrow issue addressed by its Motion to Strike. Accordingly, the Court—and the public—can fully evaluate the substance and merits of the Motion to Strike even if only the publicly filed versions of the exhibits are viewed.

Pursuant to Local Rule 7.1(a), Hopkins has sought Plaintiff's assent to this Motion to Seal, but Plaintiff has not yet advised whether it consents to or opposes the motion.

For the reasons set forth above, Hopkins requests that the Court grant leave to file under seal Exhibits 6, 9, 10, and 12 to Hopkins's Motion to Strike. A proposed order has been contemporaneously submitted.

                                        Respectfully Submitted,

Dated: April 7, 2017          s/ *Matthew B. Walters*
                                        Scott R. Brown
                                        Matthew B. Walters
                                        Todd A. Gangel
                                        HOVEY WILLIAMS LLP
                                        10801 Mastin Boulevard, Suite 1000
                                        Overland Park, Kansas 66210
                                        (913) 647-9050   Fax: (913) 647-9057
                                        sbrown@hoveywilliams.com
                                        mwalters@hoveywilliams.com
                                        tgangel@hoveywilliams.com
                                        mwalt
                                        Steven M. Ribiat, No. 45161
                                        BROOKS WILKINS SHARKEY & TURCO, PLLC
                                        401 South Old Woodward, Suite 400
                                        Birmingham, Michigan 48009
                                        (248) 971-1800   Fax: (248) 971-1801
                                        ribiat@bwst-law.com

                                        ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

On April 7, 2017, the foregoing motion was filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all registered counsel of record.

                                        s/ *Matthew B. Walters*
                                          *Attorney for Defendant*

3