UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEQUENT PERFORMANCE
PRODUCTS, INC.,

       Plaintiff,

v.

HOPKINS MANUFACTURING
CORPORATION *et al.*,

       Defendants.
_____/

Case No. 13-cv-15293
Hon. Matthew F. Leitman

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE PORTIONS OF THE HORENSTEIN REPORT AND EXCLUDE DEFENDANTS' NEW INVALIDITY GROUNDS (ECF ## 76, 80)

This is a patent infringement case. On March 23, 2017, Plaintiff Cequent Performance Products, Inc. filed a motion (1) to strike portions of Dr. Mark Horenstein's expert report (the "Horenstein Report") and (2) to exclude Defendant Hopkins Manufacturing Corporation from relying upon new invalidity grounds that Cequent insists Hopkins did not timely disclose. (*See* ECF ## 76, 80.)[1] For the reasons stated at the April 26, 2017, hearing on the motion, and as further stated below, the Court **GRANTS** the motion in part and **DENIES** the motion in part.

---

[1] Cequent filed two identical versions of its motion. ECF #76 is unsealed and contains limited redactions. ECF #80 is sealed and contains no redactions.

# I

Cequent asserts in its Complaint that Hopkins infringed three of Cequent's patents (collectively, the "Asserted Patents") that relate to electronic brake controllers:

- U.S. Patent No. 6,068,352, entitled "Microprocessor-Based Control for Trailer Brakes" (the "'352 Patent");
- U.S. Patent No. 6,012,780, entitled "Brake Controller for Trailer Brakes" (the "'780 Patent"), and
- U.S. Patent No. 6,445,993, entitled "Brake Control Unit" (the "'993 Patent").

On July 22, 2014, Hopkins served initial invalidity contentions on Cequent that set forth Hopkins' legal theories as to how the Asserted Patents are invalid. (*See* July 22, 2014, Initial Invalidity Contentions, ECF #76-2.) Hopkins then filed three petitions for *inter partes review* with the United States Patent and Trademark Office (the "USPTO") on January 23, 2015 (the "IPR Petitions"). (*See* IPRs, ECF ## 87-4, 87-5, and 87-6.) In the IPR Petitions, Hopkins argued that claims in the Asserted Patents were invalid. (*See id.*) On January 28, 2015, Hopkins served supplemental invalidity contentions in this action that incorporated the invalidity arguments it made in the IPR Petitions. (*See* Jan. 28, 2015, Supp. Invalidity Contentions, ECF #87-3.)

After Hopkins filed the IPR Petitions, it filed a motion with this Court to stay this action until the USPTO ruled on the petitions. (*See* ECF #30.) The Court granted the stay on April 1, 2015. (*See* ECF #36.) In August 2015, the USPTO refused to institute any IPR proceedings with respect to the '780 and '352 Patents and refused to institute an IPR proceeding on nine claims related to the '993 Patent. (*See* IPR Rulings, ECF ## 37-1, 37-

2, 37-3.) Cequent thereafter moved to lift the stay (*see* ECF #37), and the Court granted that motion on November 13, 2015. (*See* ECF #40.)

After lifting the stay, the Court entered a Stipulated Scheduling Order on February 8, 2016. (*See* ECF #41.) The Scheduling Order required Hopkins to serve supplemental detailed invalidity contentions, including amended theories of anticipation and obviousness under 35 U.S.C. §§ 102 and 103, by no later than February 15, 2016. (*See id.* at Pg. ID 954-55.) It also required Hopkins to disclose "each item of prior art that forms the basis for any allegation of invalidity. . . ." (*Id*. at Pg. ID 954.) It further provided that "if a combination of items or prior art makes a claim obvious, each such combination, and the reason why a person of ordinary skill in the art would combine such items must be identified." (*Id*.) Finally, the Scheduling Order obligated Hopkins to submit "[a] chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found. . . ."[2] (*Id*. at Pg. ID 955.)

The Scheduling Order also required the parties to "seasonably amend" their contentions in accordance with Rule 26(e) of the Federal Rules of Civil Procedure "upon learning that the contention is incomplete or incorrect."[3] (*Id.* at Pg. ID 956.) The Scheduling Order further provided that

> [t]he parties should timely conduct discovery so that these contentions can be updated as soon as possible. Any amendment to a party's infringement, invalidity, or non-

---

[2] These provisions of the Scheduling Order are part of this Court's standard practice for patent cases.

[3] Rule 26(e) of the Federal Rules of Civil Procedure provides that a party must supplement "in a timely manner. . . ."

3

> infringement contentions, or other pleading, that is necessary due to the Court's claim interpretation ruling, must be timely made but in no event later than one month after the Court's claim construction ruling.

(*Id.*)

Hopkins complied with the Scheduling Order and timely served supplemental invalidity contentions on Cequent on February 15, 2016 (the "February 2016 Invalidity Contentions"). (*See* ECF #76-3.) Discovery ended on October 7, 2016. The Court then held a claim construction hearing and issued a written claim construction Opinion and Order on January 26, 2017. (*See* ECF #66.)

On February 27, 2017, Hopkins served the 241-page Horenstein Report on Cequent. (*See* ECF #76-1.) The Horenstein Report included new invalidity contentions that Hopkins had not previously identified. At around this same time, Hopkins served final revised invalidity contentions that identified the new contentions included in the Horenstein report. (*See* Hopkins' Feb. 27, 2017, Invalidity Contentions, ECF #87-12.)

On March 23, 2017, Cequent filed its motion to strike portions of the Horenstein Report. (*See* ECF ## 76, 80.) According to Cequent, the Horenstein Report contained several new legal theories and prior art references that Hopkins had not previously disclosed in compliance with the Scheduling Order. (*See id.*) Specifically, Cequent argued that the Horenstein Report:

- Introduced two previously-undisclosed invalidity theories under 35 U.S.C. § 112;

- Claimed that the '780 Patent was invalid based on prior art from U.S. Patent No. 5,149,176 (the "'176 Patent"), a patent that Hopkins had not previously identified;
- Identified a "Hayes device" and a "Hayes manual" as prior art that Hopkins had not previously identified as prior art;
- Asserted that a Sentinel bake controller is prior art that renders claims 5 and 7 of the '993 patent invalid even though Hopkins had not previously identified the Sentinel bake controller as prior art;
- Relied upon a "TMP47C241 data sheet" as prior art even though Hopkins never disclosed that data sheet as prior art; and
- Included "a number of…new, vague 'combination' opinions" that Hopkins had not previously identified or relied upon.

(ECF #80 at Pg. ID 2902-09.)

The Court held a hearing on Cequent's motion on April 26, 2017. For the reasons stated on the record at the hearing, the Court granted the motion in part and denied the motion in part as follows:

- Based on the agreement of the parties, the Court struck Dr. Horenstein's "indefiniteness" argument made under 35 U.S.C. § 112 (included at paragraph 340 of his report). The Court declined to strike Dr. Horenstein's "written description" argument made under 35 U.S.C. § 112 (included at paragraphs 446-49 of his report);
- The Court struck Dr. Horenstein's contention that the '176 Patent is prior art to the '780 Patent;
- The Court struck Dr. Horenstein's opinions related to the "Hayes device";
- For the time being, the Court declined to strike Dr. Horenstein's opinions related to the "Hayes manual." The Court told the parties that it would revisit this issue after Dr. Horenstein's deposition;

5

- The Court determined that Cequent's request related to the Sentinel bake controller was moot; and
- For the time being, the Court declined to strike Dr. Horenstein's opinions that rely upon the TMP47C24 data sheet. The Court told the parties that it would revisit this issue after Dr. Horenstein's deposition.

The Court did not rule on whether the Horenstein Report raised previously-undisclosed invalidity contentions with respect to prior art combinations, and, if so, whether the Court should exclude those contentions from this case. That is the only issue remaining for decision.

## II

"A party may not use an expert report to introduce new infringement theories, new infringing instrumentalities, new invalidity theories, or new prior art references not disclosed in the parties' infringement or invalidity contentions." *Largan Precision Co. v. Genius Elec. Optical Co.*, 2014 WL 6882275, *1 (N.D. Cal. Dec. 5, 2014) (quotations omitted). Dr. Horenstein's reliance on previously-undisclosed prior art combinations in his expert report violated this rule.

First, the new prior art combinations that Dr. Horenstein relied upon were not previously disclosed in the February 2016 Invalidity Contentions, or in Hopkins' earlier contentions (which were incorporated by reference into the February 2016 Invalidity Contentions). In the February 2016 Invalidity Contentions, Hopkins stated only that:

> In addition to the expressly described combination of art, any of the prior art references relied upon may be combined under 35 U.S.C. § 103 and together disclose the combination of old elements claimed in any of the Asserted Claims of the Asserted Patents. . . . Thus, although not necessarily expressly disclosed

6

> herein, any of the relied upon combinations may be combined to render obvious the claims.

(Feb. 15, 2016, Invalidity Contentions, ECF. #76-3 at Pg. ID 2753.) This "catch-all" statement does not satisfy the Court's requirements under the Scheduling Order. The Scheduling Order states that "[i]f a combination of items or prior art makes a claim obvious, *each such combination*, and the reason why a person of ordinary skill in the art would combine such items *must be identified*." (Scheduling Order, ECF #41 at Pg. ID 954.) Hopkins' *general* statement does not set forth the *specific* combinations Dr. Horenstein identified in his expert report. Hopkins' "broad disclaimer[]" in its February 2016 Invalidity Contentions does not save Dr. Horenstein's newly-identified specific prior art combinations. *Largan Precision Co. v. Genius Elec. Optical Co.*, 2014 WL 6882275, *1 (N.D. Cal. Dec. 5, 2014) (quotations omitted) ("The requirement that the invalidity contentions disclose 'whether each item of prior art anticipates each asserted claim or renders it obvious' would be a dead letter if parties could avoid it with broad disclaimers."); *see also Life Tech. Corp. v. Biosearch Techs.*, Inc., 2012 WL 4097740, at *3 (N.D. Cal. Sept. 17, 2012) (striking opinions from expert report and holding that "Defendants' generic disclosure [in their invalidity contentions] [was] insufficient to provide a crystallized view of [Defendants'] invalidity theories").

Second, disclosing the prior art combinations for the first time in the Horenstein Report is untimely under the Scheduling Order. As noted above, the Scheduling Order required Hopkins to serve detailed supplemental invalidity contentions by February 15, 2016. The Scheduling Order also required Hopkins to timely amend its invalidity

7

contentions upon learning that the contentions were incomplete or incorrect. To the extent that discovery was needed to develop any of its defenses, Hopkins was also required to timely conduct discovery so that the invalidity contentions could be amended "as soon as possible." Here, Hopkins did not disclose the prior art combinations at issue until it served the Horenstein Report on Cequent. Such a late disclosure does not comply with the Scheduling Order.

Finally, Hopkins could have timely disclosed the combinations at issue in compliance with the Scheduling Order, but did not do so. The new prior art combinations Dr. Horenstein relied upon were readily available when Hopkins prepared the February 2016 Invalidity Contentions, and the combinations should have been disclosed at that time. Indeed, by the time Hopkins filed its invalidity contentions on February 15, 2016, it had had more than two years to search for prior art patents and develop its invalidity legal theories, including the combination theories presented in the Horenstein Report. Moreover, Hopkins has not persuaded the Court that it could not have developed its new prior art combinations earlier in the case.

Having concluded that the Horenstein Report relies upon untimely disclosed new prior art combinations, the Court must decide what sanction, if any, to impose. Under Rules 16(f) and 37(b)(2)(A)(ii) of the Federal Rules of Civil Procedure, "the Court may impose any 'just' sanction for the failure to obey a scheduling order, including 'refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.'" *O2 Micro Int'l v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006) (quoting Fed. R.

Civ. P. 16(f) and Fed. R. Civ. P. 37(b)(2)(A)(ii)).  Accordingly, if a party in a patent case fails to timely research its legal theories and amend its contentions, the Court may exclude the new theory or evidence at trial. See *id*. at 1367.  Many courts have followed this rule and excluded legal theories that were not timely disclosed in a party's invalidity contentions. See*, e.g., Verinata Health, Inc. v. Sequenom, Inc.*, 2014 WL 4100638, *7-8 (N.D. Cal. Aug. 20, 2014); *Linear Group Servs., LLC v. Attica Automation, Inc.*, 2014 WL 3400714, at *4-5 (E.D. Mich.  July 11, 2014) (striking invalidity opinions in a declaration for violating scheduling order); *Visteon Global Techs., Inc. v. Garmin Int'l, Inc.*, 2014 WL 1028918, at *3 (E.D. Mich. Mar. 17, 2014) (denying leave to amend infringement contentions due to lack of diligence).

For three reasons, the Court concludes that the appropriate sanction is to exclude the new prior art combinations identified in the Horenstein Report.  First, this case is very far along and the Court has already construed the disputed claim terms.  Allowing Hopkins to add numerous new prior art combinations at this stage of the case would likely delay the action and may even require the Court to readdress claim construction.  Second, Hopkins admits that Dr. Horenstein seeks to rely upon "tens" of separate prior art combinations in arguing that the asserted claims at issue are invalid. (Hopkins' Resp. Br., ECF #87 at Pg. ID. 2965.)  At this late stage of the case, the parties should be narrowing their theories for trial and dispositive motions, not expanding the number of issues in the case.  Finally, as noted above, Hopkins has not provided a sufficient justification for failing to identify earlier the prior art combinations.  Accordingly, the Court precludes Hopkins from relying on the new prior art combinations identified in the Horenstein Report.

## IV

For the reasons stated above, Cequent's Motion to Strike Portions of the Horenstein Report and to Exclude Hopkins' New Invalidity Grounds (ECF ## 76, 80) is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

The parties shall submit their rebuttal expert report(s) within 30 days of this Opinion and Order. The parties shall complete depositions of each other's expert witnesses within 60 days of this Opinion and Order. After expert depositions are completed, the parties shall contact the Court's Special Master Christopher G. Darrow to discuss whether the issues for trial and summary judgment motions can be narrowed by agreement, including reducing the number invalidity theories per asserted patent claim to a reasonable number. Any dispositive motions shall be filed no later than 120 days from the date of this Opinion and Order.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 25, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 25, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113